STATE v. TUGGLE

[99 N.C. App. 164 (1990)]

STATE OF NORTH CAROLINA v. RAY NOBLE TUGGLE

No. 8917SC756

(Filed 19 June 1990)

**Searches and Seizures § 24 (NCI3d) — information from informants — sufficiency of showing of probable cause**

An affidavit submitted by a deputy sheriff when he applied for a search warrant was sufficient to support the magistrate's finding of probable cause where the deputy stated that one confidential informant had provided him with information which had resulted in numerous convictions; the informant had within one week of the affidavit seen a lawn mower at defendant's house similar to one reported stolen; the informant stated that defendant was involved in trading cocaine for stolen property; a second informant, with little indicia of reliability, provided evidence that defendant had sold controlled substances approximately two years earlier; and a third informant, who claimed to be an eyewitness to the transactions, provided evidence that defendant had traded property for cocaine one month earlier.

**Am Jur 2d, Searches and Seizures §§ 68, 69.**

APPEAL by the State from Order of *Judge James M. Long* entered 5 April 1989 in ROCKINGHAM County Superior Court. Heard in the Court of Appeals 8 February 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State, appellant.*

*A. D. Folger, Jr., and Robert S. Cahoon for defendant appellee.*

COZORT, Judge.

On 17 May 1988, Deputies Lindsey Watkins and Gene Nelson of the Rockingham County Sheriff's Department appeared before a magistrate and obtained a warrant to search the defendant's home and all vehicles on the premises. On the same day officers executed the search warrant, found and seized contraband, and arrested the defendant.

On 22 August 1988, the defendant was indicted for, among other offenses, feloniously possessing stolen goods, trafficking in cocaine, maintaining a dwelling house to keep or sell controlled

STATE v. TUGGLE

[99 N.C. App. 164 (1990)]

substances, maintaining a vehicle to keep or sell controlled substances, possessing cocaine with intent to sell, feloniously possessing marijuana, and possessing marijuana with intent to sell.

On 2 September 1988, the defendant moved to suppress all evidence seized as a result of the search. The trial court "conclude[d] that the search warrant issued and served on May 17, 1988 . . . was issued without probable cause, and . . . therefore, the fruits of that search and all evidence obtained [from the] search should be suppressed." The State appealed, contending that the court erred by applying an incorrect legal standard for determining the existence of probable cause.

The issue presented by the case below is whether the affidavit submitted by Deputy Sheriff Watkins when he applied for a search warrant was sufficient to support the magistrate's finding of probable cause under the Fourth Amendment of the United States Constitution and Article 1, Section 20 of the North Carolina Constitution. We hold that the affidavit did establish probable cause, and we reverse the trial court's order to the contrary.

Deputy Watkins swore to the following:

On May 17, 1988, this Applicant received information from a Confidential & Reliable Source of Information relating to stolen property being on the property of Ray Tuggle. Said confidential and reliable source shall be referred to as CRS #1.

Said CRS #1 has previously provided information to this Applicant which has resulted in numerous convictions in the District and Superior Courts of Rockingham County.

That CRS #1 has personal knowledge of an International Cub Cadet riding lawn mower having been reported stolen to the Rockingham County Sheriff's Department on May 1, 1988. That this case report is Rockingham County Sheriff's Department case number 88-6425-5.

That CRS #1 has had occasion to be upon the premises, specifically an outbuilding, of Ray Tuggle. That CRS #1 has been at the residence of Ray Tuggle between the dates of May 10, 1988 — May 17, 1988, and had the opportunity to observe an International Cub Cadet riding lawn mower, consistent in appearance with the aforementioned stolen riding lawn mower.

That CRS #1 has further related that Ray Tuggle will trade controlled substance, cocaine, for stolen property.

That CRS #1 has described the Ray Tuggle residence and location of outbuildings to this Applicant. That this Applicant has personal knowledge of the residence and outbuilding belonging to Ray Tuggle. That the description as given by CRS #1 is consistent with Applicant's personal knowledge.

That the Co-Applicant in this matter is employed as a Detective with the Rockingham County Sheriff's Department. That the Co-Applicant [sic] primary enforcement responsibility involves the investigation of violations of the North Carolina Controlled Substances Act.

That this Co-Applicant has received information from a confidential source (CS #2) in March of 1986 that Ray Tuggle was involved in the sale of controlled substances.

That this Co-Applicant has received information from a separate confidential source (CS #3) that Ray Tuggle is involved in the sale of controlled substances, and also that Ray Tuggle will trade controlled substance, cocaine, for property. That CS #3 has had occasion to be at the residence of Ray Tuggle during the month of April 1988, and has witnessed the trading of property for the controlled substance, cocaine.

That CS #3 has personally pointed out the residence of Ray Tuggle to this Co-Applicant and the description in [sic] consistent with the previously stated information in this Application.

Deputy Watkins' application for a search warrant was based entirely on information supplied by informants.

The controlling case on the sufficiency of informants' tips to establish probable cause is *Illinois v. Gates*, 462 U.S. 213, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983). In *Gates* the Court abandoned the "two-pronged test" derived from *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584 (1969). In place of the two-pronged test, which had directed "analysis" into two largely independent channels—the informant's "veracity" or "reliability" and his "basis of knowledge," the Court adopted the "totality-of-circumstances analysis that traditionally has guided probable-cause

STATE v. TUGGLE

[99 N.C. App. 164 (1990)]

determinations." *Gates*, 462 U.S. at 233, 238, 76 L.Ed.2d at 545, 548, 103 S.Ct. at 2329, 2332. Under *Gates*, the

> task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. at 238, 76 L.Ed.2d at 548, 103 S.Ct. at 2332.

The Court emphasized, moreover, that

> after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. . . . "A grudging or negative attitude by reviewing courts toward warrants" is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner."

*Gates*, 462 U.S. at 236, 76 L.Ed.2d at 547, 103 S.Ct. at 2331 (citation omitted).

In the case below, the trial court's findings of fact represent an almost sentence-by-sentence dissection of Deputy Sheriff Watkins' affidavit. The trial court analyzed the information supplied by the affidavit in piecemeal fashion. Although the trial court did not specify the legal standard it applied, we find that its analysis was characteristic of the two-pronged test rejected by *Gates* and that the hearing on the defendant's motion amounted to a de novo review of the affidavit's sufficiency. That review was error. *Massachusetts v. Upton*, 466 U.S. 727, 733, 80 L.Ed.2d 721, 727, 104 S.Ct. 2085, 2088 (1984).

Viewing Watkins' affidavit as a whole, as required by *Gates* and *Upton*, we find that the magistrate had a substantial basis for concluding that probable cause existed. The reliability of the first informant (CRS #1) is established by Watkins' sworn statement that in the past CRS #1 had provided him with information which "resulted in numerous convictions in the District and Superior Courts

of Rockingham County." From CRS #1 the magistrate had before him evidence (1) that the suspect had at his residence during the week before 17 May 1988 a riding lawn mower similar to one reported stolen, and (2) that the suspect was involved in trading cocaine for stolen property. From the second informant (CS #2) the magistrate had evidence, albeit stale evidence with little indicia of reliability, that the suspect sold controlled substances during or before March 1986. From the third informant (CS #3), who claimed to be an eyewitness to the transaction or transactions, the magistrate had evidence that the suspect had traded property for cocaine during April 1988.

No single piece of evidence in the affidavit is conclusive. Only the reliability of the first informant is shown by the affidavit. The evidence from the first and third informants is fresher, more specific, and more credible than the evidence from the second informant. Nevertheless, the information from all three is consistent, and their cumulative evidence supports the determination that there was a "fair probability that contraband or evidence of a crime" would be found at defendant's residence. *Gates*, 462 U.S. at 238, 76 L.Ed.2d at 548, 103 S.Ct. at 2332. In the case below, as in other particular cases, it is not easy to determine whether the affidavit in issue establishes the existence of probable cause, but the "resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109, 13 L.Ed.2d 684, 689, 85 S.Ct. 741, 746 (1965).

The trial court's order of 5 April 1989 did not specify whether it was based on probable cause under the federal constitution, the state constitution, or both. However, in *State v. Arrington* our Supreme Court adopted the "totality of circumstances test of *Gates* and *Upton* . . . . for resolving questions arising under Article 1, Section 20 of the Constitution of North Carolina with regard to the sufficiency of probable cause to support the issuance of a search warrant . . . ." 311 N.C. 633, 643, 319 S.E.2d 254, 260-61 (1984). Therefore, our analysis of probable cause in the case below applies under both the United States and North Carolina Constitutions.

For the reasons stated above, the trial court's order of 5 April 1989 is

GADSON v. N.C. MEMORIAL HOSPITAL

[99 N.C. App. 169 (1990)]

Reversed.

Judges WELLS and LEWIS concur.