STATE OF NORTH CAROLINA v. CHARLES ARRINGTON

No. 122A84

(Filed 28 August 1984)

1. **Searches and Seizures § 20— affidavit for search warrant**

An affidavit for a search warrant is sufficient under G.S. 15A-244 if it supplies reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender.

2. **Searches and Seizures § 21— affidavit for search warrant—informant hearsay—"totality of circumstances" test**

In *Illinois v. Gates,* --- U.S. --- (1983), the U. S. Supreme Court abandoned the two-pronged test of veracity and basis of knowledge for determining the sufficiency of affidavits based on informant hearsay to establish probable cause for a search warrant for Fourth Amendment purposes and adopted a "totality of the circumstances" test.

3. **Searches and Seizures § 24— affidavit for search warrant—tips from informants—probable cause under "totality of circumstances" test**

Under the "totality of circumstances" test, an officer's affidavit based on information from two informants provided a substantial basis for the magistrate's finding of probable cause for issuance of a warrant to search defendant's home for controlled substances where information supplied by the first informant established, against his penal interest, that he had purchased marijuana from defendant; the first informant also stated that defendant was growing marijuana in his home which, taken with the fact that the informant had bought marijuana from defendant, supported the probability that the informant spoke with personal knowledge and that marijuana would be found at defendant's home; the second informant stated that there had been a steady flow of known drug users to defendant's home within the past twenty-four hours; and both informants were identified as reliable ones whose information had led to arrests in the past.

4. **Searches and Seizures § 1— unreasonable searches and seizures—prohibition by N. C. Constitution**

Art. I, Sec. 20 of the Constitution of North Carolina prohibits unreasonable searches and seizures.

5. **Searches and Seizures § 21— probable cause for search warrant—N. C. Constitution—totality of circumstances test**

The totality of circumstances test is adopted for resolving questions arising under Art. I, Sec. 20 of the Constitution of North Carolina with regard to the sufficiency of probable cause to support the issuance of a search warrant.

APPEAL by the State from the decision of a divided panel of the Court of Appeals, 66 N.C. App. 215, 311 S.E. 2d 33 (1984),

which affirmed the Order entered by *Judge R. Michael Bruce* in Superior Court, BEAUFORT County, on October 14, 1982.

The defendant was indicted and arrested for unlawfully, willfully and feloniously possessing more than an ounce of marijuana in violation of N.C.G.S. 90-95(a)(3). Prior to trial, the defendant filed a motion to suppress evidence. The trial court entered an order suppressing evidence seized pursuant to a search warrant. On appeal by the State, the Court of Appeals affirmed the trial court's order. Judge Braswell dissented, and the State appealed to the Supreme Court as a matter of right under N.C.G.S. 7A-30(2). Heard in the Supreme Court June 13, 1984.

*Rufus L. Edmisten, Attorney General, by Newton G. Pritchett, Jr., Associate Attorney, for the State.*

*Stephen A. Graves, for the defendant-appellee.*

MITCHELL, Justice.

The issue presented is whether an affidavit detailing the tips of confidential informants to police provided a sufficient basis to support the magistrate's finding of probable cause. We hold that there was substantial basis for finding probable cause and issuing a search warrant, and we reverse the Court of Appeals' decision affirming the order of the trial court to the contrary.

On May 14, 1982 Beaufort County A.B.C. Enforcement Officer William Boyd applied for a warrant to search the mobile home and truck of the defendant Charles Arrington for controlled substances. In an affidavit included in the application, Officer Boyd swore to the following:

> I received from a confidential source within the last forty-eight (48) hours that Charles Arrington had in his possession at his mobile home marijuana for sale. Confidential source advised that they had purchased marijuana from Charles Arrington. Source also advised that Arrington was growing marijuana in his home. A second confidential source advised that within the last twenty-four hours that there had been a steady flow of traffic to the Arrington home and also a steady flow of traffic for the past 2 months. The traffic is known to source as people that use drugs. The first source and second source has proven to be reliable in the past in

that the first source has given information on numerous occasions in the past that has led to arrests. The second source has proven to be reliable in that I have known this source for many years and that they have furnished information not only to me but to other law enforcement officers that has proven to be reliable and arrests have been made.

Magistrate K. V. Swindell issued a search warrant on May 14, 1982. On the same day Officer Boyd searched the mobile home of the defendant and found thirty-six manila envelopes containing marijuana, three plastic bags of marijuana, thirteen packs of rolling paper and a bag containing marijuana residue. The defendant was arrested and indicted for felonious possession of more than an ounce of marijuana.

On June 14, 1982, the defendant moved pursuant to N.C.G.S. 15A-974 to suppress evidence obtained as the result of the execution of the search warrant. At the October 11, 1982 Criminal Session of Superior Court, Beaufort County, Judge Bruce heard the motion and entered an order suppressing the evidence. The findings and conclusions supporting the order stated that the affidavit included with the application for a search warrant was insufficient to show probable cause because it showed "no circumstances from which it could be determined that the information known to Officer Boyd came to him from the personal knowledge of a reliable confidential source." The State gave notice of appeal in open court and later certified that the evidence suppressed was essential to the case and that appeal was not taken merely for the purpose of delay.

The Court of Appeals affirmed the order of the trial court and held that considering the totality of the circumstances, the "stale, unverified, and uncorroborated allegations" of the officer in the affidavit gave the magistrate no basis for finding probable cause. 66 N.C. App. at 220, 311 S.E. 2d at 36. Judge Braswell dissented, reasoning that the majority's analysis was based on a standard which had been rejected and abandoned by the United States Supreme Court in *Illinois v. Gates*, --- U.S. ---, 76 L.Ed. 2d 527 (1983). Judge Braswell's position was that considering the totality of the circumstances, the trial court erred in suppressing evidence seized pursuant to the search warrant.

[1] An understanding of certain principles governing the issuance of search warrants is necessary for discussion of this issue. In North Carolina an applicant for a search warrant must complete an application in writing containing:

(1) The name and title of the applicant; and

(2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; and

(4) A request that the court issue a search warrant directing a search for and the seizure of the items in question.

N.C.G.S. 15A-244. The affidavit is sufficient if it supplies reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender. *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976). Probable cause does not mean actual and positive cause nor import absolute certainty. *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972). The facts set forth in an affidavit for a search warrant must be such that a reasonably discreet and prudent person would rely upon them before they will be held to provide probable cause justifying the issuance of a search warrant. *Dumbra v. United States*, 268 U.S. 435 (1925); *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972). A determination of probable cause is grounded in practical considerations. *Jaben v. United States*, 381 U.S. 214 (1965).

The Supreme Court of the United States in recent years has relied upon a "two-pronged" test for determining the sufficiency of affidavits based on informant hearsay to establish probable cause for Fourth Amendment purposes. In *Aguilar v. Texas*, 378 U.S. 108 (1964), the Court stated that although an affiant may rely on hearsay information in his or her application for a warrant, the

magistrate must be informed of some of the circumstances from which the informant concluded that the evidence sought was where it was claimed to be. The magistrate also must be informed of some of the underlying circumstances showing that the inform-ant was credible or the information reliable. *Aguilar v. Texas*, 378 U.S. at 114-15.

In *Spinelli v. United States*, 393 U.S. 410 (1969) the Supreme Court elaborated on *Aguilar* and reiterated that to establish prob-able cause, hearsay information must satisfy the "two-pronged" test. The Court also indicated that it was important that a tip contain sufficient detail to enable a magistrate to conclude that he was relying on something more substantial than "a casual rumor circulating in the underworld" before he could find probable cause. 393 U.S. at 416. This Court also has applied the two-pronged test. *E.g. State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976); *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972).

[2] In 1983 the Supreme Court of the United States undertook a reexamination of principles surrounding the sufficiency of inform-ants' tips to supply probable cause. In *Illinois v. Gates*, --- U.S. ---, 76 L.Ed. 2d 527 (1983) the Court expressly abandoned the two-pronged test of *Aguilar* and *Spinelli* and adopted a "totality of circumstances test."

In *Gates* the police department received an anonymous letter stating that the defendants, husband and wife, were engaged in selling narcotics. The letter stated that the wife, Sue Gates, would drive to Florida, load the Gates' car with drugs, and fly back to Chicago. The husband, Lance Gates, would fly to Florida and drive the loaded car back to Chicago. The letter stated that the couple had drugs worth over $100,000 in their basement. The police, on receiving the letter, confirmed that the Gates lived at the address identified and that an "L. Gates" had made plane reservations from O'Hare Airport in Chicago to West Palm Beach, Florida. The police watched Gates as he boarded the flight at O'Hare and flew to West Palm Beach. Once there, the defendant Gates checked into a hotel room registered to Sue Gates. The following day he and an unidentified woman left the motel in a car bearing Illinois license plates and driving northbound on an interstate frequently used by travelers to the Chicago area. Based on the above information, the police officers sought and ob-

tained a search warrant. A search of the Gates' car and residence revealed over three hundred fifty pounds of marijuana.

The Gates were arrested and brought to trial. The trial court suppressed evidence obtained pursuant to the search warrant, and the Illinois Supreme Court affirmed, basing its analysis on the two-pronged test of *Aguilar* and *Spinelli*. The Supreme Court of the United States, alluding to hypertechnical rules developed by lower courts in applying the two-pronged test, abandoned it and reaffirmed the "totality of circumstances" analysis that traditionally has controlled probable cause determinations.

Under the totality of circumstances test, the two prongs of *Aguilar* and *Spinelli* — veracity and basis of knowledge — are still relevant, but are not to be accorded independent status.

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id.* at ---, 76 L.Ed. 2d at 548. The Court emphasized in *Gates* that great deference should be paid a magistrate's determination of probable cause and that after-the-fact scrutiny should not take the form of a *de novo* review. In analyzing the facts before it, the Supreme Court stated that the anonymous letter, corroborated by police investigative work, was sufficient basis for a finding of probable cause. *See also State v. Jackson*, 309 N.C. 26, 305 S.E. 2d 703 (1983) (citing *Gates* with approval and using a totality of circumstances test to analyze the sufficiency of probable cause for Fourth Amendment purposes).

Some courts were uncertain as to how significant a change *Gates* had wrought. The Supreme Judicial Court of Massachusetts stated:

> It is not clear that the *Gates* opinion has announced a significant change in the appropriate Fourth Amendment

treatment of applications for search warrants. Looking at what the Court did on the facts before it, and rejecting an expansive view of certain general statements not essential to the decision, we conclude that the *Gates* opinion deals principally with what corroboration of an informant's tip, not adequate by itself, will be sufficient to meet probable cause standards.

*Commonwealth v. Upton*, 390 Mass. 562, 568, 458 N.E. 2d 717, 720 (1983), *rev'd, Massachusetts v. Upton*, --- U.S. ---, 80 L.Ed. 2d 721 (1984).

*Upton* involved a warrant to search a motor home pursuant to a telephone tip to the Yarmouth Police Department in Massachusetts. Several hours before the telephone tip, police had searched a motel room pursuant to a search warrant and had found several items which had been stolen in a burglary. Other items also stolen in the burglary had not been found. The telephone tip came from a woman who stated that she knew about the raid which had occurred only hours before. She said that the remainder of the items stolen in the burglary were in a motor home belonging to the defendant at a certain location. She stated that because of the earlier raid, the defendant had decided to move the motor home. The policeman receiving the call identified the voice as that of the former girl friend of the defendant. The woman then admitted her identity. The policeman verified that a motor home was at the location the informant indicated and submitted an affidavit setting out the information he had obtained. A magistrate issued a search warrant, and a subsequent search produced the stolen items identified by the caller.

The Supreme Judicial Court of Massachusetts held that there was insufficient corroboration of the tip to make up for the tip's failure to meet the two-pronged test. The Supreme Court of the United States reversed and stated that the Supreme Judicial Court of Massachusetts misunderstood the *Gates* decision. *Massachusetts v. Upton*, --- U.S. ---, 80 L.Ed. 2d 721 (1984). The Supreme Court stated that the Massachusetts Court did not consider the police officer's affidavit in its entirety, but instead judged bits and pieces of the information against the artificial standard of the two-pronged test. The Supreme Court also stated that the Massachusetts Court erred in failing to give deference to

the magistrate's decision. Instead of deciding whether the evidence as a whole provided a substantial basis for a finding of probable cause, the Massachusetts Court conducted an after-the-fact, *de novo* scrutiny rejected in *Gates*.

The Supreme Court held that the Massachusetts Court erred in concluding that the magistrate was in error in issuing a search warrant. In so holding, the Supreme Court said that, although the police officer had inferred that the woman was who she said she was, "[I]t is enough that the inference was a reasonable one and conformed with the other pieces of evidence making up the total showing of probable cause." --- U.S. at ---, 80 L.Ed. 2d at 728.

Turning to the facts of the case before us, we hold that the majority in the Court of Appeals erred in holding that the Fourth Amendment to the Constitution of the United States required the suppression of the evidence seized pursuant to the search warrant. In analyzing the affidavit included in the application for the search warrant, the majority concluded that the assertions by the first informant that the defendant had marijuana for sale and marijuana growing in his home were deficient. The majority cited as a deficiency the fact that the first informant's assertions gave no information as to time and no information about the basis of the informant's conclusions. The Court of Appeals noted that the statement that the defendant had marijuana growing in his home did not establish how the informant discovered that fact. Also, the statement that the informant had purchased marijuana from the defendant contained no information about where he had made the purchase.

The second informant stated that within the last twenty-four hours and over a two-month period, there had been a steady flow to the defendant's home of people known to the informant as users of drugs. The Court of Appeals stated that it was unclear whether the second informant spoke with personal knowledge. The Court also said that there were no underlying circumstances from which the magistrate could conclude that marijuana was located at the defendant's home. The majority opinion stated that under the *Aguilar* and *Spinelli* test, the affidavit in this case is "unquestionably deficient. *Gates* does not resurrect it." 66 N.C. at 220, 311 S.E. 2d at 36.

We need not decide whether the affidavit in this case was adequate under the now rejected two-pronged test of *Aguilar* and *Spinelli* and *State v. Hayes,* 291 N.C. 293, 230 S.E. 2d 146 (1976). The Supreme Court of the United States has now stated with unmistakable clarity that in applying the Fourth Amendment in *Gates*:

> We did not merely refine or qualify the "two-pronged test." We rejected it as hypertechnical and divorced from the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

*Massachusetts v. Upton,* --- U.S. at ---, 80 L.Ed. 2d at 726.

[3] Under the totality of circumstances analysis required by the Supreme Court of the United States in *Gates* and clarified in *Upton*, we find there to be a substantial basis for the magistrate's finding of probable cause in the present case. The information supplied by the first informant establishes, against the informant's penal interest, that he had purchased marijuana from the defendant. When considering an informant's statements that he had purchased illicit liquor from a defendant, a plurality of the Supreme Court of the United States stated in *United States v. Harris,* 403 U.S. 573 (1971):

> Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a "break" does not eliminate the residual risk and opprobrium of having admitted criminal conduct.

*Id.* at 583-84. We agree.

Additionally, the first informant in this case stated that the defendant had marijuana growing in his home which, taken with the fact that the first informant had bought marijuana from the defendant, supports the probability that the informant spoke with personal knowledge and that the marijuana would be found at the defendant's home. The tip from the second informant creates a

strong inference that the illegal activity was continuing and had occurred within the last twenty-four hours.

The reliability of the informants was not questioned by the trial court below. In the affidavit both sources were identified as reliable ones whose information had led to arrests in the past. The fact that statements from the informants in the past had led to arrests is sufficient to show the reliability of the informants. *See State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976).

A common sense reading of the information supplied by both informants provides a substantial basis for the *probability* that the defendant had sold marijuana, had grown it in his own home, and was continuing to sell it from his home to a steady flow of drug users within the last twenty-four hours. No more is required under the Fourth Amendment. *Massachusetts v. Upton*, --- U.S. ---, 80 L.Ed. 2d 721.

Applying the totality of the circumstances test prescribed by *Gates* and *Upton* and giving proper deference to the decision of the magistrate to issue the search warrant, we hold that there was a "substantial basis" for the finding of probable cause and that the Court of Appeals erred in reaching a contrary conclusion. This holding makes it unnecessary to consider whether the officer conducting the search acted in objectively reasonable reliance on the warrant so as to require the application of the good faith exception to the exclusionary rule announced in *United States v. Leon*, --- U.S. ---, 82 L.Ed. 2d 677 (1984) and *Massachusetts v. Sheppard*, --- U.S. ---, 82 L.Ed. 2d 737 (1984).

In his written motion to suppress filed with the trial court, the defendant also contended that exclusion of the evidence seized pursuant to the search warrant in this case was required by the Constitution of North Carolina because the affidavit failed to establish probable cause. In construing provisions of the Constitution of North Carolina, this Court is not bound by opinions of the Supreme Court of the United States construing even identical provisions in the Constitution of the United States. *White v. Pate*, 308 N.C. 759, 304 S.E. 2d 199 (1983); *Bulova Watch Co. v. Brand Distributors Inc.*, 285 N.C. 467, 206 S.E. 2d 141 (1974). *See Missouri v. Hunter*, 459 U.S. 359 (1983). Therefore, the decisions of the Supreme Court of the United States in *Gates* and *Upton* are not binding upon us with regard to this question which is ex-

clusively a question of State law, even though we accord such decisions great weight.

We recognize that certain of our prior opinions could lead a less than careful reader to the conclusion that the only protection against unreasonable searches and seizures in North Carolina law was contained in former N.C.G.S. 15-25 which was repealed by Chapter 1286, § 26 of the 1973 Session Laws of North Carolina. *See, e.g., State v. Miller*, 282 N.C. 633, 194 S.E. 2d 353 (1973); *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). Any such conclusion would be erroneous, however, and we reject any such notion.

[4] It is true, of course, that the language of Article 1, Section 20 of the Constitution of North Carolina differs markedly from the language of the Fourth Amendment to the Constitution of the United States. Nevertheless, Article 1, Section 20 of the Constitution of North Carolina prohibits unreasonable searches and seizures. *State v. Ellington*, 284 N.C. 198, 200 S.E. 2d 177 (1973).

[5] Whether rights guaranteed by the Constitution of North Carolina have been provided and the proper tests to be used in resolving such issues are questions which can only be answered with finality by this Court. *White v. Pate*, 308 N.C. 759, 304 S.E. 2d 199 (1983). *See Missouri v. Hunter*, 459 U.S. 359 (1983). However, we find compelling the reasoning of the Supreme Court of the United States in adopting the totality of circumstances test of *Gates* and *Upton* for determining whether probable cause exists for issuance of a search warrant. Therefore, for resolving questions arising under Article 1, Section 20 of the Constitution of North Carolina with regard to the sufficiency of probable cause to support the issuance of a search warrant, we adopt the totality of circumstances test of *Gates* and *Upton*. We reject the two-pronged test of *Aguilar* and *Spinelli*.

As previously stated herein, application of the totality of circumstances test leads us to hold that there was a substantial basis for the finding of probable cause in the present case. Therefore, we need not consider or decide whether the guarantees against unreasonable searches and seizures in Article 1, Section 20 of the Constitution of North Carolina require the exclusion of evidence seized under a search warrant not supported by probable cause. *See, e.g., State v. Small*, 293 N.C. 646, 239 S.E. 2d 429

(1977) (implying an exclusionary rule arising from Article 1, Section 20); *State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65 (1970) (same); *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968) (same).

The decision of the Court of Appeals affirming the trial court's order suppressing evidence seized pursuant to the search warrant in the present case is reversed. The case is remanded to the Court of Appeals with instructions to vacate the trial court's order and to further remand to the Superior Court, Beaufort County, for proceedings according to law.

Reversed and remanded.