STATE OF NORTH CAROLINA v. KENNETH WAYNE SMOTHERS

No. 9117SC972

(Filed 15 December 1992)

1. **Searches and Seizures § 24 (NCI3d)— search warrant—probable cause—no showing of informant's reliability—sufficiency of affidavit—totality of circumstances**

    Although an officer's affidavit contained no showing of a named informant's reliability and veracity, the affidavit was sufficient under the totality of the circumstances test to sustain the magistrate's finding of probable cause for the issuance of a warrant to search defendant's home for narcotics where it alleged: (1) the informant had advised the officer that he had been in defendant's residence approximately seventy-two hours earlier and had observed defendant and others heating cocaine and then snorting it through a straw, that he had personally observed a box containing small bags of white powder and a bag containing what appeared to be marijuana in the residence, that defendant offered him some cocaine but he declined, and that he had personal knowledge of the appearance of cocaine and marijuana because a relative had previously used drugs; (2) the officer personally spoke with a second individual who stated that he was with the informant at defendant's residence and that the informant told him that he had seen cocaine and marijuana in the residence and had been offered cocaine by defendant; (3) the officer verified that defendant resides at the home in question by checking the address listed with the Department of Motor Vehicles on defendant's driver's license; and (4) the officer has received information in the past from other citizens living near defendant's home concerning an unusual amount of traffic going to and from defendant's home at all hours of the day and night.

    **Am Jur 2d, Searches and Seizures § 69.**

2. **Criminal Law § 959 (NCI4th)— newly discovered evidence— motion for appropriate relief—waiver—untimeliness**

    Defendant waived his right to assert on appeal a motion for appropriate relief seeking to reopen a suppression hearing based upon the discovery of new evidence consisting of four letters where the letters were discovered prior to sentencing,

the trial court was not divested of jurisdiction to hear motions concerning this new evidence until defendant gave notice of appeal after judgment was entered, and defendant failed to make an appropriate motion in the trial court. Furthermore, defendant was not entitled to assert his motion for appropriate relief more than ten days after entry of judgment under N.C.G.S. § 15A-1415 because the evidence was not unknown or unavailable to the defendant at the time of trial (*i.e.*, the sentencing hearing).

**Am Jur 2d, Coram Nobis § 50.**

Appeal by defendant from judgment entered 9 April 1991 by Judge Joseph R. John in Rockingham County Superior Court. Heard in the Court of Appeals 13 November 1992.

On 14 September 1989, Lieutenant Richard Anderson of the Mayodan Police Department received information from Kenneth Ray Farmer, a former resident of Mayodan, that he had been in defendant's residence approximately seventy-two hours earlier and had observed defendant and others heating cocaine and then snorting it through a straw. The informant also stated that he observed substances which appeared to be cocaine and marijuana in the residence. A second individual verified to Lieutenant Anderson that he had been with the informant at defendant's residence and that the informant had entered the residence.

After confirming defendant's address, Lieutenant Anderson issued a probable cause affidavit and obtained a search warrant. A subsequent search of defendant's residence resulted in the seizure of drugs, drug paraphernalia and a large amount of cash.

Defendant was arrested, indicted, and charged with possession with intent to sell and deliver 3.6 grams of cocaine and with possession of drug paraphernalia. Defendant was also indicted for maintaining a dwelling to keep and sell a controlled substance. He was further charged with possession of two tablets of diazepam, possession of non-tax liquor, simple possession of marijuana, and possession of diethylpropon, a Schedule IV controlled substance.

Defendant moved to suppress the evidence obtained pursuant to the search warrant and a hearing on the motion was held 20 August 1990, which was denied. He filed notice of his intention to appeal the denial of his motion to suppress on 20 August 1990.

Thereafter, defendant entered into a plea agreement with the State, whereby he pled guilty to possession with intent to sell and deliver cocaine and to maintaining a dwelling for keeping controlled substances. Pursuant to the agreement, all other charges were dropped. Defendant was sentenced to a term of four years imprisonment. He timely appealed denial of his suppression motion, which matter is now before this Court.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Philip A. Telfer, for the State.*

*Mary K. Nicholson for defendant appellant.*

WALKER, Judge.

Defendant presents two arguments to this Court for review. He contends (1) the trial court erred in failing to grant defendant's motion to suppress the evidence and (2) the trial court erred in failing to reopen the suppression hearing based on new evidence of the defendant. We find no error and therefore affirm the trial court.

[1] With regard to the first exception, defendant argues that the circumstances in this case do not support the magistrate's finding of probable cause to issue the warrant, because the warrant was based predominantly on the informant's statements and there was no corroborating or supporting information in the affidavit. Defendant also submits that the affidavit lacks information establishing the reliability or veracity of the informant. There is no indication that this informant had provided reliable information in the past or that the affiant knew him to be credible. Though named, the informant is not a citizen informant and he made no statements against his interest which might otherwise carry an indicia of credibility. In fact, the informant had a prior criminal record and was involved in a dispute with defendant. Thus, insofar as the affidavit contained no showing of the informant's reliability, veracity, character or reputation in the community, defendant contends it was insufficient to sustain a finding of probable cause by the magistrate and a subsequent issuance of a search warrant.

We note at the outset that, although an informant's veracity, reliability and basis of knowledge are highly relevant in determining the weight to be afforded to his report, these elements "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there

is 'probable cause' to believe that contraband or evidence is located in a particular place." *State v. Jackson*, 309 N.C. 26, 37, 305 S.E.2d 703, 712 (1983) *quoting with approval Illinois v. Gates*, 462 U.S. 213, 230, 76 L.Ed.2d 527, 543, *reh'g denied*, 463 U.S. 1237, 77 L.Ed.2d 1453 (1983). "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Illinois v. Gates*, 462 U.S. at 234, 76 L.Ed.2d at 545. In *State v. Arrington*, 311 N.C. 633, 319 S.E.2d 254 (1984), our Supreme Court expressly adopted the totality of circumstances test enunciated by the U.S. Supreme Court in *Illinois v. Gates, supra*, and *Massachusetts v. Upton*, 466 U.S. 727, 80 L.Ed.2d 721 (1984), for determining the sufficiency of an informant's tip to supply probable cause and the subsequent issuance of a search warrant. Pursuant to this test:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*State v. Arrington*, 311 N.C. at 638, 319 S.E.2d at 257-258, *quoting with approval, Illinois v. Gates*, 462 U.S. at 238-239, 76 L.Ed.2d at 548. "[G]reat deference should be paid a magistrate's determination of probable cause and . . . after-the-fact scrutiny should not take the form of a *de novo* review." *Id.* at 638, 319 S.E.2d at 258.

In the instant case, the information supplied by the informant established that he had been in defendant's residence during the previous seventy-two hours and that he had personally observed a box containing "a bunch" of small bags of white powder and a zip lock bag of what appeared to be marijuana in the residence. The informant advised the officer that he had personally observed defendant and others using cocaine by heating it and then snorting it through a straw, and that defendant offered the informant some cocaine but the informant declined. The informant stated that he

had personal knowledge of the appearance of cocaine and marijuana because a relative previously used these drugs.

In addition to the information provided by the informant, the affidavit reveals that the affiant, Lieutenant Anderson, personally spoke with a second individual who was with the informant at defendant's residence and who verified that the informant entered defendant's residence. This individual also told the officer that the informant stated to him that he had seen cocaine and marijuana in the residence and had been offered cocaine by defendant.

The affidavit indicates that Lieutenant Anderson verified that defendant resides at the home in question by checking the address listed with the North Carolina Department of Motor Vehicles on defendant's driver's license. Further, the affidavit recites that the officer has received information in the past from other citizens living near defendant's residence concerning an unusual amount of traffic going to and from defendant's residence at all hours of the day and night.

Applying the totality of circumstances test prescribed by our Supreme Court, and giving proper deference to the magistrate's decision to issue a search warrant, we find there to be a substantial basis for the magistrate's finding of probable cause in the present case. The information supplied by the informant and contained in the affidavit was based upon the informant's first-hand knowledge, communicated within seventy-two hours of observing the crimes, and consistent with the statements of the second individual. There was therefore sufficient detail to overcome a lack of specific evidence of the informant's reliability and veracity. When considered in conjunction with the statements of the other individual and the officer's own investigation, the information sufficiently indicates a fair probability that defendant possessed cocaine and marijuana, that he was keeping these substances in his residence, and that he was selling such from his home. Thus, we conclude that, when considered as a whole, the circumstances in this case sufficiently established probable cause within the purview of the Fourth Amendment.

[2] Defendant's second assignment of error asserts that the trial court erred in failing to reopen the suppression hearing based upon the discovery of new evidence, which consisted of four letters. Defendant argues that at the time this evidence was discovered, he had already given notice of appeal of the suppression hearing

STATE v. SMOTHERS

[108 N.C. App. 315 (1992)]

and jurisdiction was within this Court except as to the matter of sentencing. He thereby pursues this matter in the form of a motion for appropriate relief filed in this Court on 12 November 1991. Defendant admits in his motion for appropriate relief, however, that these letters were discovered subsequent to the denial of his motion to suppress but prior to entry of judgment, and were presented to the trial court at the sentencing hearing.

Although defendant gave notice of *intent* to appeal following the suppression hearing on 20 August 1990, he did not give notice of appeal until 15 April 1991, after judgment was entered on 9 April 1991. Consequently, the trial court was not divested of jurisdiction to hear any motions concerning this new evidence until 15 April 1991, and we cannot agree with defendant's argument to the contrary. Since defendant failed to make an appropriate and timely motion in the trial court, he is deemed to have waived his right to assert such on appeal, pursuant to N.C.G.S. § 15A-1446.

Additionally, we decline to review this motion on the grounds that it affects a substantial right or is otherwise meritorious and in the interest of justice. N.C.G.S. § 15A-1446; N.C.G.S. § 15A-1419(b). Defendant's motion for appropriate relief is based upon N.C.G.S. § 15A-1415 which provides in part:

> (b) The following are the only grounds which the defendant may assert by a motion for appropriate relief made more than 10 days after entry of judgment.

> . . . .

> (6) Evidence is available which was unknown or unavailable to the defendant at the time of the trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

In the instant case, defendant admits that the letters were discovered after the suppression hearing but prior to sentencing. Thus, the evidence was not "unknown or unavailable to the defendant at the time of the trial" (i.e. the sentencing hearing). Defendant thereby fails to satisfy this ground for appropriate relief and neglects to assert an alternative ground upon which a motion for relief may be made more than ten days after entry of judgment. For the

foregoing reasons, defendant's motion for appropriate relief is dismissed.

AFFIRMED.

Judges GREENE and WYNN concur.