STATE OF NORTH CAROLINA,
v.
AKIL LATEEF LIPSCOMB.
No. COA09-656.
Court of Appeals of North Carolina.
Filed May 4, 2010.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for Defendant-Appellant.
Attorney General Roy Cooper, by Special Deputy Attorney General Daniel S. Johnson, for the State.

UNPUBLISHED OPINION
STEPHENS, Judge.
Akil Lateef Lipscomb ("Defendant") appeals from judgment and commitment entered upon his guilty plea to possession with intent to sell and deliver cocaine, maintaining a dwelling for keeping and selling cocaine, and trafficking in cocaine by possession of more than 28 but less than 200 grams of cocaine. On appeal, Defendant contends the trial court erred in denying his motion to suppress evidence seized from a search of his apartment pursuant to a search warrant. Defendant has preserved this issue for appellate review, notwithstanding his guilty plea, because Defendant specifically notified the State and the trial court of his intention to appeal the denial of his motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b) (2009).[1] For the following reasons, we conclude the trial court properly denied the motion to suppress evidence.

I. Factual Background
On 18 October 2007, Officer Justin Blanks of the Greensboro Police Department applied for a warrant to search the premises located at 3219-G Orange Street in Greensboro, North Carolina, for illegal drugs. In the affidavit for the application, Officer Blanks alleged he had received training in narcotics investigations from four different schools and that he had been involved in numerous arrests in cases involving the sale and distribution of controlled substances. Officer Blanks alleged further:
In early July 2007, I received information from a confidential reliable informant, hereafter referred to as CRI, which stated that a black male named Akil was selling large amounts of cocaine from his apartment at 3219-G Orange Street. CRI advised that they had seen saleable amounts of cocaine at the apartment within the last month. The CRI stated that they had seen numerous amounts of firearms in the apartment, which were usually within an arms reach from Akil. CRI advised that Akil has a television surveillance system set up at the front door of the apartment as well.
During the week of October 7th, 2007 I was contacted by the same CRI who advised that Akil was still selling large amounts of crack cocaine from his apartment located at 3219-G Orange Street. CRI advised that Akil has three firearms inside of his apartment and has seen numerous ounces of crack cocaine inside of the apartment during the week of October 7th, 2007. CRI advised that Akil drove a champagne colored vehicle that has the appearance of an old police vehicle.
Between the dates of October 12th, 2007 and October 18th, 2007 I conducted stationary surveillance on the apartment and observed a dark skinned black male approach the front and only door of the apartment and knock after pulling into the parking lot in a vehicle. The vehicle was occupied by another occupant and continued to run after the black male was allowed inside the apartment. Less than two minutes later, the same black male that arrived in the vehicle exited the apartment and re[-]entered the vehicle. Mobile surveillance was conducted on the vehicle and a traffic stop was conducted. During the traffic stop, the black male subject that entered the apartment was arrested for possessing a saleable amount of cocaine. I spoke with both the subjects in the vehicle during the traffic stop and they advised that they had just left from Akil's place.
On October 18, 2007 I conducted stationary surveillance again and observed a black male subject exit 3219-G Orange Street and enter the champagne colored Grand Marquis. Mobile surveillance was conducted on the vehicle and a traffic stop was conducted. During the traffic stop, Akil Lipscomb was arrested and charged with carry concealed gun and possession of a stolen firearm. Mr. Lipscomb was asked for consent to search his apartment and he denied.
. . . .
This affiant has been able to verify the following:
1. Cocaine is included within Schedule II of the North Carolina [C]ontrolled [S]ubstance [A]ct.
2. Akil Lipscomb has been arrested for several narcotic related violations in the past. 3. Akil Lipscomb was arrested on October 18, 2007 for carrying [a] concealed handgun and possession of a stolen firearm.
A magistrate concluded that this affidavit established probable cause to search the premises and the warrant was executed that day. Upon a search of apartment 3219-G, police found 30 grams of crack cocaine, $925.00 in cash, a rifle, and drug paraphernalia. Based upon the property seized during the search, Defendant was charged with possession with intent to sell and deliver cocaine, maintaining a dwelling for keeping and selling cocaine, and trafficking by possession of at least 28 but less than 200 grams of cocaine.
On 20 May 2008, Defendant filed a written motion to suppress the evidence obtained in the stop of his gold Grand Marquis for a traffic violation. At the beginning of the 4 August 2008 suppression hearing, the scope of Defendant's suppression motion was expanded to include the validity of the search warrant issued to search Defendant's apartment. The trial court subsequently heard testimony from Corporal John Ryan and Officer Blanks of the Greensboro Police Department. Corporal Ryan described the events surrounding the stop of Defendant's vehicle on 18 October 2007 and the subsequent search of Defendant's residence. Officer Blanks described his investigation of Defendant, and his testimony mirrored the information provided in his affidavit.
By separate orders entered 29 August 2008, the trial court allowed the motion to suppress the evidence recovered from Defendant's vehicle search and denied the motion to suppress the evidence recovered from the search of Defendant's residence. In its order denying Defendant's motion to suppress the evidence recovered during the search of his residence, the trial court concluded that Officer Blanks's affidavit stated "sufficient facts with particularity, based upon the two separate statements by the confidential informant and Officer Blanks[`s] independent and corroborating observations, to establish and support a finding of probable cause for the issuance of this search warrant by the judicial official."
After the denial of his motion to suppress, Defendant entered an Alford plea[2] to possession with intent to sell and deliver cocaine, maintaining a dwelling for keeping and selling cocaine, and trafficking in cocaine by possession of more than 28 but less than 200 grams of cocaine. The trial court consolidated the convictions for judgment and sentenced Defendant to 35 to 42 months imprisonment. Defendant appeals.

II. Discussion
Defendant contends that the trial court erred in denying his motion to suppress because the search warrant application was insufficient to establish probable cause. We disagree.
An application for a search warrant must be made in writing and must contain a statement, supported by allegations of fact as set forth in one or more affidavits, that there is probable cause to believe items subject to seizure may be found in the locations sought to be searched. N.C. Gen. Stat. § 15A-244 (2009). Our Supreme Court has adopted a totality of the circumstances test for magistrates to determine whether probable cause exists in a search warrant application. See State v. Arrington, 311 N.C. 633, 641, 319 S.E.2d 254, 259 (1984). Under the totality of the circumstances test, the magistrate must make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 638, 319 S.E.2d at 257-58 (quoting Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548 (1983)). "The affidavit is sufficient if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender." State v. Vestal, 278 N.C. 561, 575-76, 180 S.E.2d 755, 765 (1971). Accordingly, "the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for . . . conclu[ding]' that probable cause existed." Arrington, 311 N.C. at 638, 319 S.E.2d at 258 (quoting Gates, 462 U.S. at 238-39, 76 L. Ed. 2d at 548).
Courts have looked to a number of factors in determining whether the magistrate had a substantial basis for finding probable cause. One factor is whether the magistrate made reasonable inferences based on his experience, "`particularly when coupled with common or specialized experience.'" State v. Sinapi, 359 N.C. 394, 399, 610 S.E.2d 362, 366 (2005) (quoting State v. Riggs, 328 N.C. 213, 221, 400 S.E.2d 429, 434 (1991)). This Court has also found a substantial basis when an investigating officer's supporting affidavit contained factual allegations that he conducted "surveillance of defendant's house, [and] he saw many people visiting the house for a short time and witnessed several hand-to-hand transactions between defendant and visitors to his house." State v. Stokley, 184 N.C. App. 336, 341, 646 S.E.2d 640, 644 (2007), disc. review denied, 362 N.C. 243, 660 S.E.2d 542 (2008). When an application for a search warrant is based on an informant's tip, it must "set forth sufficient underlying circumstances to permit a neutral and detached magistrate to understand how the informant reached his conclusion" and "establish the reliability of the informant." State v. Atwell, 62 N.C. App. 643, 646, 303 S.E.2d 402, 404 (1983). One way in which the reliability of an informant can be established is by providing "clear and precise details in the tip indicating personal observation and knowledge of the location of the evidence[.]" Id.
In the present case, Defendant does not assign error to any of the trial court's findings of fact. Where a defendant does not challenge a trial court's findings of fact in a suppression order, the scope of our inquiry is limited to the trial court's conclusions of law, which are fully reviewable on appeal. Sinapi, 359 N.C. at 397-98, 610 S.E.2d at 365. Thus, our inquiry is limited to determining whether, under the totality of the circumstances, Officer Blanks's affidavit established reasonable cause to believe that the proposed search of Defendant's residence would reveal the presence of the items sought and that those items would aid in the apprehension or conviction of Defendant. Id.
Here, the facts show that in July 2007, Officer Blanks, an experienced law enforcement officer with training in narcotics investigations, had received information from a confidential informant that Defendant was selling drugs from his apartment and that a surveillance camera was set up at the front door of Defendant's apartment. During the week of 7 October 2007, Officer Blanks received information from the same informant that Defendant was still selling cocaine from his apartment; that Defendant had "saleable" amounts of cocaine and numerous firearms in his apartment; and that Defendant drove a champagne-colored vehicle which resembled "an old police vehicle."
A week later, Officer Blanks corroborated the details given by the informant when the officer conducted stationary surveillance of Defendant's apartment. Officer Blanks observed a black male enter Defendant's apartment, stay for two minutes and drive off. Upon a traffic stop of the black male seen at Defendant's apartment, police arrested the male for possession of a saleable amount of cocaine. Upon his arrest, the black male informed Officer Blanks that he had just come from Defendant's residence. Thereafter, Officer Blanks observed Defendant exit his apartment and enter a champagne-colored Grand Marquis, which corresponded to the description provided by the informant.
Based upon the timely and specific information provided by the informant and Officer Blanks's independent observations, it was reasonable to infer that when the search warrant was issued, cocaine would be found in the Defendant's apartment. Riggs, 328 N.C. at 221, 400 S.E.2d at 434 ("[I]t is reasonable to infer that readily mobile contraband is kept at hand, whether in a dwelling, an outbuilding, or a vehicle.") (citations omitted). The informant's tip "set forth sufficient underlying circumstances" and contained "clear and precise details in the tip indicating personal observation and knowledge of the location of the evidence," to establish the reliability of this information. Atwell, 62 N.C. App. at 646, 303 S.E.2d at 404. Furthermore, the information provided by the informant was subsequently corroborated by Officer Blanks's independent investigation. Accordingly, we hold that "the magistrate had a `substantial basis for . . . conclud[ing] that probable cause existed.'" Arrington, 311 N.C. at 638, 319 S.E.2d at 258. Defendant's argument is overruled.
NO ERROR.
Judges ERVIN and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 15A-979(b) provides that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."
[2] In North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162 (1970), the Court held that a defendant may enter a guilty plea containing a protestation of innocence when the defendant intelligently concludes that a guilty plea is in his best interest and the record contains strong evidence of actual guilt. Id. at 37-39, 27 L. Ed. 2d at 171-72.