Justice MORGAN concurring in part and dissenting in part.
I respectfully dissent from the position taken by my learned colleagues of the majority that there was a lack of probable cause for the issuance of the search warrant by the magistrate to authorize law enforcement's search of defendant's Kia Optima. While I agree with the majority view which concludes that the Court of Appeals correctly determined that defendant's motion to suppress should have been allowed as to evidence seized from his residence because the information contained in the search warrant did not sufficiently connect defendant to the house **591 so as to provide a basis for the magistrate to infer that evidence of the robberies would likely be found in the home, nonetheless I disagree with the outcome that the lower appellate court should be reversed regarding its determination that probable cause existed to authorize the magistrate's issuance of the search warrant. Since I would therefore affirm in totality the decision of the Court of Appeals, consequently there would be no need for the case to be remanded to the lower appellate court, as directed by the majority, for a determination concerning whether the evidence seized from the Kia Optima was admissible under the plain view doctrine, because the application of the doctrine would be of no consequence in light of the finding of probable cause.
My discomfort with the majority's opinion stems from its regrettable rigidity in tightly clinging to the legal rudiments of the establishment and recognition of probable cause in search warrant affidavits which this Court has historically declared, while exhibiting its remarkable reticence to equally embrace the practical realities which law enforcement officers and magistrates must face in the establishment and recognition of probable cause in search warrant affidavits which this Court has also addressed in its opinions. In my view, an appropriate balance of the considerations of legal requirements and practical aspects which this Court has cited regarding the existence of probable cause in search warrant applications would better serve the ends of justice in the instant case by determining the existence of probable cause in the search warrant affidavit at issue to allow the search of defendant's Kia Optima, demonstrating the proper balancing approach between legal requirements and practical aspects which govern the ascertainment of probable cause in search warrant affidavits, and providing a clearer precedent for law enforcement officers and magistrates to consult in order to better comprehend the salient circumstances to be submitted and evaluated *48 for the existence of probable cause in search warrants.
The majority is certainly correct in its recitation of principles enunciated by this Court in such cases as State v. Allman , 369 N.C. 292, 794 S.E.2d 301 (2016), State v. Benters , 367 N.C. 660, 766 S.E.2d 593 (2014), State v. Sinapi , 359 N.C. 394, 610 S.E.2d 362 (2005), and State v. Arrington , 311 N.C. 633, 319 S.E.2d 254 (1984) regarding the requirement that a neutral and detached magistrate is to issue a search warrant only upon the existence of probable cause being shown, with such a determination to be made based upon the totality of the circumstances in arriving at a practical and commonsense decision in light of all of the circumstances set forth in the affidavit. The prevailing viewpoint also recognizes the considerations declared in these rulings that appellate **592 "courts should not invalidate [search] warrant[s] by interpreting [search warrant] affidavit[s] in a hypertechnical, rather than a commonsense, manner," State v. Riggs , 328 N.C. 213, 222, 400 S.E.2d 429, 434 (1991) (quoting Illinois v. Gates , 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ), and that a magistrate is entitled to draw reasonable inferences from the material supplied through application for a search warrant and has probable cause to issue the warrant "as long as the pieces fit together well and yield a fair probability that a police officer executing the warrant will find contraband or evidence of a crime at the place to be searched ...." Allman , 369 N.C. at 294, 794 S.E.2d at 303 (citing Massachusetts v. Upton , 466 U.S. 727, 733, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984) (per curiam) and Gates , 462 U.S. at 230-31, 103 S.Ct. 2317 ).
In the present case, while the majority has demonstrated its awareness of all of these guiding principles by citing them in its opinion, unfortunately the majority readily implements only the standards that it chooses to employ, and conveniently neglects the standards that it chooses to ignore. The majority has elected to emphasize that the investigating detective's search warrant affidavit "failed to mention the presence of a Kia Optima at 7085 Laurinburg Road at the time of defendant's arrest" and that "beyond stating that defendant fled the scene of the 19 October 2014 robbery in a 'new model 4-door Kia Optima,' the affidavit provided no other information whatsoever concerning the Kia Optima." However, as to the fact that "an unsworn attachment to the search warrant application listed '[a] gray 2013 Kia Optima EX four door car with NC registration BMB4863; VIN# 5XXGN4A7XDG192163' among the property to be searched by officers upon execution of the search warrant," the majority has elected to minimize the extensive detail utilized to identify the vehicle sought to be searched by opting to emphasize that the investigating detective's "sworn affidavit itself contained no mention of this identifying information for the vehicle." Based on these considerations, the majority concludes that if all of the aforementioned information had been contained in the investigating detective's sworn search warrant affidavit rather than in an unsworn attachment to the search warrant application, coupled with a sworn description of the manner in which he obtained this identifying information for the Kia Optima, then the search warrant would have been deemed to contain the requisite probable cause.
In applying this Court's enunciated principles that a magistrate is entitled to draw inferences from the material supplied to obtain a search warrant based upon the totality of the circumstances in arriving at a practical and commonsense decision in light of all of the circumstances set forth in the affidavit, I conclude that the magistrate satisfactorily **593 determined that probable cause existed for the issuance of a search warrant to authorize law enforcement's search of defendant's Kia Optima. The majority's requirement that the information which establishes probable cause must be included in the sworn search warrant affidavit instead of attached to the sworn search warrant affidavit in order to be considered by a magistrate invokes the type of hypertechnical mandate for a probable cause determination which this Court has expressly disavowed. Unfortunately, however, the majority here demands this kind of precision in lieu of the magistrate's practical and commonsense approach to construe the informative material which was physically appended to the sworn search warrant affidavit as being inherently intended in its presentation *49 format to illustrate that it was a part of the entire search warrant application to be evaluated by the magistrate as to its fair probability that a police officer executing the warrant would find contraband or evidence of the Johnston County robbery in the Kia Optima. In light of all of these facts and circumstances which were being navigated by two different law enforcement agencies in two different counties which were coordinating their investigative resources in an effort to resolve a spate of crimes, the magistrate involved here should have been accorded the authority to refrain from imposing a hypertechnical requirement upon the investigating detective in favor of the practical and commonsense decision to consider the totality of the information contained in the combined application of the sworn search warrant affidavit as well as the unsworn attachment of detailed information which was physically appended to it in order to arrive at the determination of the existence of probable cause to search defendant's vehicle.
In the very first sentence of its opinion, the majority acknowledges that this case presents unique circumstances regarding an officer's possession of information "that would suffice to establish probable cause for the issuance of a search warrant but fail[s] to include pertinent portions of this information in his affidavit in support of the warrant." "The resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." Riggs , 328 N.C. at 222, 400 S.E.2d at 435 (quoting Gates , 462 U.S. at 237 n.10, 103 S.Ct. 2317 ) (brackets omitted). Guided by this Court's precedent in applying it to the recognized uniqueness of the circumstances presented in this case, I would affirm the decision of the Court of Appeals.
Justice NEWBY joins in this dissenting opinion.