STATE OF NORTH CAROLINA v. WILLIAM FREDERICK LINDSEY

No. 8129SC1433

(Filed 3 August 1982)

**Searches and Seizures § 26— search warrant for dwelling—staleness of information—no probable cause**

Information concerning the presence of marijuana in defendant's home which was received from a confidential informant more than a year prior to the issuance of a warrant to search the home was too stale to establish probable cause for issuance of the warrant. Furthermore, more recent information from an undercover agent concerning defendant's operation of a service station where drug activities occurred and his presence at a friend's apartment where drugs were sold was insufficient to establish a reasonable inference that defendant continued to possess drugs in his home at the time the search warrant was issued.

Judge WEBB dissenting.

APPEAL by defendant upon writ of certiorari from *Howell, Judge.* Judgment entered 13 February 1981 in Superior Court, POLK County. Heard in the Court of Appeals 11 June 1982.

Defendant was found guilty as charged of possession of more than one ounce of marijuana. He appeals from the imposition of a suspended sentence of not less nor more than five years and a fine of $1,000.

Prior to trial defendant moved to suppress evidence obtained pursuant to a search warrant. After a *voir dire* hearing, this motion was denied.

At trial the State presented evidence which tended to show that pursuant to a search warrant, law enforcement officials searched defendant's automobile and a mobile home shared by defendant and his brother. Plastic bags containing what was later identified by an S.B.I. chemist as marijuana were found in the bedrooms and the kitchen of the trailer. The total weight of the marijuana was approximately four ounces.

The defendant presented no evidence.

*Attorney General Edmisten by Associate Attorney G. Criston Windham for the State.*

*Christopher S. Crosby for defendant appellant.*

CLARK, Judge.

Defendant first argues that the information which formed the basis for the search warrant was too stale to establish probable cause and that therefore the court erred in denying his motion to suppress the evidence obtained.

The search warrant was issued on 7 January 1980 upon the affidavit of S.B.I. Officer Ned Whitmire. Whitmire stated that a confidential informant told Whitmire that he knew defendant to habitually keep drugs on his person, had seen drugs at defendant's home, and had seen defendant give drugs to his own children. This information was received over a year prior to issuance of the warrant. However, the information relied upon to establish probable cause came not only from the foregoing informant, but also from Ed Woods, an undercover agent of the Polk County Sheriff's Department. Approximately three weeks prior to issuance of the warrant, defendant and another man sold Woods over ten pounds of marijuana and 377 doses of phenobarbital. A month prior to this, defendant had attempted to sell two pounds of marijuana to Woods. Woods had also purchased drugs in defendant's presence at a service station run by defendant. The agent had seen defendant at a friend's apartment on several occasions when drugs were being sold.

It is fundamental that a search warrant is not issued except upon a finding of probable cause. G.S. 15A-242 to -245. Probable cause means that there must exist "a reasonable ground to believe that the proposed search will reveal the presence *upon the premises to be searched* of the objects sought and that those objects will aid in the apprehension or conviction of the offender. (Citation omitted.)" *State v. Campbell,* 282 N.C. 125, 128-29, 191 S.E. 2d 752, 755 (1972) (emphasis added).

Before a search warrant may be issued, proof of probable cause must be established by facts so closely related to the time of issuance of the warrant so as to justify a finding of probable cause at that time. 68 Am. Jur. 2d *Searches and Seizures* § 70 (1973). The general rule is that no more than a "reasonable" time may have elapsed. The test for "staleness" of information on which a search warrant is based is whether the facts indicate that probable cause exists at the time the warrant is issued. *Sgro v. United States,* 287 U.S. 206, 77 L.Ed. 260, 53 S.Ct. 138 (1932);

*State v. King,* 44 N.C. App. 31, 259 S.E. 2d 919 (1979). Common sense must be used in determining the degree of evaporation of probable cause. *State v. Louchheim,* 296 N.C. 314, 250 S.E. 2d 630 (1979), *cert. denied,* 444 U.S. 836 (1980). "The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock . . . ." *Andresen v. Maryland,* 24 Md. App. 128, 172, 331 A. 2d 78, 106, *cert. denied,* 274 Md. 725 (1975), *aff'd,* 427 U.S. 463, 49 L.Ed. 2d 627, 96 S.Ct. 2737 (1976).

As a general rule, an interval of two or more months between the alleged criminal activity and the affidavit has been held to be such an unreasonably long delay as to vitiate the search warrant. Annot., 100 A.L.R. 2d 525 (1965). This rule may not be appropriate in all cases, depending upon such variable factors as the character of the crime and the criminal, the nature of the item to be seized and the place to be searched. *Andresen v. Maryland, supra.* For example, in *State v. Louchheim, supra,* our Supreme Court held that although a period of fourteen months between observation of business records and issuance of search warrant had elapsed, there was a substantial basis for the magistrate to conclude the business records were "probably" still located at defendant's business offices when the search warrant was issued. The court based its decision on the particular facts of that case: the alleged crime was a complex one (conspiracy to commit felonious false pretenses and feloniously obtaining property by false pretenses), taking place over a number of years; the place to be searched was an ongoing business; the affidavit alleged that the invoices were never removed from defendant's offices; and the items to be seized included books, records and documents kept in the course of business by defendant's corporation.

Similarly, in *State v. Jones,* 299 N.C. 298, 261 S.E. 2d 860 (1980), the passage of five months between the time an alleged accomplice last saw a hatchet and welder's gloves and the date of issuance of the search warrant was held not to dissipate probable cause. In that case, the court relied upon the fact that the items to be seized were not incriminating in themselves, were of enduring utility to defendant, and were normally kept by defendant at his parents' home.

The reasoning of the *Louchheim* and *Jones* decisions is inapplicable, however, to the facts of the case before us. Unlike the foregoing cases, the subject of this search warrant was not an item expected to be kept for extended periods of time or designed for long-term use. Rather, the item sought to be seized was marijuana, a substance which can be easily concealed and moved about and which is likely to be disposed of or used. We therefore find that the year-old information was too stale to establish probable cause to search defendant's residence.

Although the affidavit on which the search warrant was based also presented more recent information concerning defendant's drug activities, the year-old information was the only evidence of residential possession by defendant. The more recent information provided by undercover Agent Woods concerned defendant's operation of a service station where drug activities occurred and his presence at a friend's apartment where drugs were sold. The fact that defendant had this more recent involvement with drugs establishes no reasonable inference that he continued to possess drugs in his home at the time the search warrant was issued. The affidavit merely implicates a probability of the continued presence of drugs in defendant's home. Nowhere in the recent information from Agent Woods is there any statement that drugs were possessed or sold in or about the dwelling to be searched.

We conclude that the search warrant was invalid in that the information concerning residential possession was too stale to establish probable cause and in that there were no reasonable grounds presented by the more recent information to believe the proposed search of defendant's home would produce the drugs specified in the application for the warrant. Since there was not sufficient basis for finding probable cause to issue the search warrant, the evidence obtained as a result of its issuance was erroneously admitted at trial.

The order denying defendant's motion to suppress is reversed. Because the judgment was based upon the admission of this evidence, defendant is entitled to a

New trial.

Judge WHICHARD concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe that evidence that marijuana was in the defendant's home one year previously together with evidence that the defendant had sold marijuana recently is evidence from which a magistrate could conclude there is probable cause marijuana is in the defendant's home.