351 S.E.2d 565 (1987)
83 N.C. App. 92
STATE of North Carolina
v.
Charles NEWCOMB.
No. 8615SC262.
Court of Appeals of North Carolina.
January 20, 1987.
Atty. Gen. Lacy H. Thornburg by Asst. Atty. Gen. John H. Watters, Raleigh, for the State.
Hemric, Hemric & Hemric, P.A. by H. Clay Hemric, Jr., Burlington, for defendant-appellant.
BECTON, Judge.
Defendant, Charles Newcomb, was indicted for maintaining a dwelling used for keeping and selling marijuana, manufacturing and possessing marijuana with intent to sell or deliver, and possessing drug paraphernalia with intent to use, in violation of N.C.Gen.Stat. Secs. 90-108(a)(7), 90-108(a)(1), and 90-113.22 (1983) respectively. Defendant filed motions to suppress the evidence on both North Carolina statutory and State and Federal Constitutional grounds. The trial court found no substantial violation of North Carolina statutes. And although the trial court found that the search warrant was issued without probable cause, the trial court determined that the police officer who applied for and executed the warrant acted in good faith and refused to suppress the evidence. Defendant appeals. We reverse.

I
The trial court made the following findings of fact. On 21 March 1985 Officer R.D. Cockman executed the affidavit for a search warrant. The affidavit contained the following sworn statement by Officer Cockman:
This applicant swears to the following facts to establish probable cause for the issuance of a search warrant: I, the undersigned applicant, have been a law enforcement officer for more than three years with the Alamance County Sheriff's Department. During this time I have received extensive training including Basic Law Enforcement Officer's Certification and Advanced Criminal Investigation courses presented through *566 the North Carolina Justice Academy. During the last year I have been involved in several investigations concerning drug offenses in Alamance County. Within the past five days from March 21, 1985, the person who I will refer to as "He," regardless of the person's sex, contacted me. This person offered his assistance to the City-county vice unit in the investigation of drug sales in the Burlington-Alamance County area. This person told myself [sic] that he had been inside the residence described herein being Rt. 8, Box 122, Lot # 82 County Club Mobile Home Park, Burlington, where he observed a room filled with marijuana plants. He stated that the suspect Charles Wayne Newcomb was maintaining the plants. This applicant confirmed the identity of the suspect to be Charles Wayne Newcomb. This information obtained [sic] through D.M.V. records through vehicle registration. This applicant further checked with Duke Power Company and found this residence to have Charles Wayne Newcomb listed as the current occupant. Based on these facts and this information, this applicant requests that this search warrant be issued for the search of the premises described.
Magistrate Sandra Herring found probable cause based on the foregoing affidavit and issued a search warrant on 21 March 1985. The magistrate had been trained regarding the requirements for a probable cause determination. Defendant's residence was searched on 23 March 1985. Evidence was seized as a result.
Officer Cockman "unintentionally and inadvertently" failed to state the reason the informant was reliable and the time the informant's observations were made. He had previously been trained in the preparation of affidavits and had prepared four or five in obtaining search warrants. He spent three hours preparing the affidavit. No one else reviewed the affidavit. Officer Cockman stated that he thought the affidavit was "true and valid." He made no prior investigation of defendant or his residence.

II
Defendant assigns as error the trial court's: (1) admission of Officer Cockman's testimony regarding matters supporting probable cause that were not contained in his affidavit; (2) exclusion of testimony from Magistrate Herring regarding similar search warrant cases; (3) denial of defendant's various motions to suppress the evidence; and (4) denial of defendant's motion to identify the confidential informant.
Defendant failed to argue his first two assignments of error in his brief. They are therefore deemed abandoned in accordance with Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure. We turn now to defendant's remaining assignments of error.

III
Defendant contends that the evidence was seized in violation of his right, under the Fourth Amendment to the United States Constitution and Article I, Section 20 of the North Carolina Constitution, to be free from unreasonable searches and seizures, because Officer Cockman entered his home without a valid warrant. He maintains that the trial court correctly found the warrant invalid under the Gates "totality of the circumstances" test. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). He argues, however, that the trial court erred in forgiving the invalidity of the warrant under the "good-faith exception" to the exclusionary rule. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We agree with defendant.
Under Gates, the totality-of-the-circumstances test includes a consideration of the contents of the informant's statement as well as independent investigations or corroboration of details. The test is no longer limited to mere consideration of reliability, veracity, and credibility as was formerly the case. Later, in Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 *567 L.Ed.2d 721 (1984) the Court indicated that the totality-of-the-circumstances approach in Gates was a completely new, less technical model for determining probable cause.
North Carolina expressly adopted the reasoning of the U.S. Supreme Court in Gates and Upton to questions arising under Article I, Section 20 of the Constitution of North Carolina in State v. Arrington, 311 N.C. 633, 319 S.E.2d 254 (1984). Consequently we need not engage in a dual analysis of North Carolina and United States Constitutional search and seizure law. The precedent we look to applies equally to both issues.
In Arrington the North Carolina Supreme Court examined the validity of a search warrant in which the affiant failed to state that the information therein came from personal knowledge of a reliable source. In upholding the warrant, the Court heeded closely the admonitions of the Upton Court which cautioned against a de novo scrutiny of the basis for a search warrant and urged deference to the magistrate's determination. The Arrington Court considered as significant other circumstances such as the corroboration of the informant's story by a second informer and the fact that the informer admitted, against his penal interest, to having purchased a controlled substance from the defendant.
In the case before us, the record is devoid of any circumstances that tend to make the informant's statement credible. The information he supplied is sparse. His statement gives no details from which one could conclude that he had current knowledge of details or that he had even been inside the defendant's premises recently. The affidavit contains a mere naked assertion that the informant at some time saw a "room full of marijuana" growing in defendant's house. The informant was not acting against his penal interest. Neither is there any indication that he had supplied previous information that proved helpful to the police. Officer Cockman made no attempt to corroborate the informant's story. He did nothing more than verify that defendant lived in the house. We hold that there was not sufficient information on which to find probable cause. The usual deference we give to a magistrate's decision is undeserved in this case.
We turn now to the question whether the State is entitled to have the evidence admitted under the "good faith exception" to the exclusionary rule. In State v. Welch, 316 N.C. 578, 342 S.E.2d 789 (1986), the North Carolina Supreme Court adopted the Leon "good faith exception" to the exclusionary rule. The Leon exception permits the admission of otherwise excludable evidence when the "officer [takes] every reasonable step to comply with the fourth amendment." In Welch the officer took a blood sample from the defendant without securing a search warrant. In lieu of a search warrant the officer obtained a nontestimonial identification order by a superior court judge. The North Carolina Supreme Court refused to apply the exclusionary rule stating "to apply the rule [in that case] would not serve to discourage police misconduct and would only defeat justice for no good reason."
Unlike Welch and Leon, in the case at bar, the officer took no reasonable steps to comply with the fourth amendment. We cannot condone or excuse his negligence. When the officer fails to provide the magistrate with sufficient information from which to find probable cause, fails to conduct any independent investigation, provides a bare-bones affidavit, and a warrant is issued by a Magistrate who, according to the record, asserts that her job is "to find probable cause," and has found probable cause in each of the approximately 300 warrant applications, we find the good faith exception particularly inappropriate.

IV
Defendant next contends that the evidence was obtained as a result of a substantial *568 violation of the provisions of Chapter 15A of the North Carolina General Statutes by the magistrate. Because of our disposition that the seizure violated the Fourth Amendment to the United States Constitution and Article I, Section 20 of the North Carolina Constitution, we need not and do not reach this issue. In any event the trial court failed to make findings of fact to support its conclusion that there was not a substantial violation of Chapter 15A as required by N.C.Gen.Stat. Sec. 15A-977(d) (1983).
In view of the foregoing analysis it is not necessary to address defendant's remaining assignment of error regarding the identity of the confidential informant.
Reversed.
JOHNSON and COZORT, JJ., concur.