McGEE, Chief Judge.
Jabari Raheim Daye ("Defendant") appeals from judgment entered after a jury found him guilty of possession with the intent to sell and deliver marijuana; possession of marijuana paraphernalia; and maintaining a dwelling place to keep, sell or use a controlled substance.
I. Background
Investigator J.P. Killian ("Investigator Killian"), of the Statesville Police Department, applied for a warrant on 15 April 2015 to search a residence in Statesville, North Carolina ("the residence"). The search warrant application was accompanied by an affidavit from Investigator Killian explaining the circumstances that he believed established probable cause for the search ("the affidavit"). The search warrant application was approved by a judge on 15 April 2015, and Investigator Killian, along with five other law enforcement officers (collectively, "the officers"), executed a "no knock" warrant at 12:20 p.m. the same day.
The officers approached the residence, observed that the door was locked, and "used force to gain entry into the residence." As soon as Investigator Killian "c[a]me through the front door" of the residence, he observed Defendant lying on the couch in the living room. The officers identified themselves, advised Defendant they had a search warrant, and detained Defendant by placing him in handcuffs. The officers then conducted a "sweep" of the residence looking for other occupants, and found no one else inside. After advising Defendant of his Miranda rights, Investigator Killian asked Defendant if "he wanted to take responsibility for anything in [the residence], and [Defendant] stated he had marijuana above the refrigerator in the cabinet." Investigator Killian checked the cabinet and located "a plastic bag containing six ... individually-bagged marijuana [sic]." A detailed search of the residence resulted in the officers locating four digital scales and a shotgun.
The officers also recovered a blue iPhone ("the cell phone"), that was located on the couch next to Defendant. Investigator Killian asked Defendant about the owner of the cell phone, and Defendant claimed ownership. Defendant was arrested at the residence. Investigator Killian later applied for, and received, a separate search warrant (the "cell phone warrant") to examine the text messages and other data located on the cell phone. Several text message exchanges found on the cell phone were later admitted into evidence and published to the jury.
Defendant made an oral motion to suppress the evidence found in the search of the residence prior to trial, arguing that the affidavit supporting the search warrant did not establish probable cause. The trial court considered the merits of Defendant's motion despite the fact that it was not accompanied by an affidavit,[1] and denied Defendant's motion. Defendant did not renew his objection to the admission of the evidence found in the search of the residence when that evidence was offered at trial.
A jury convicted Defendant of possession with the intent to sell and deliver marijuana; possession of marijuana paraphernalia; and maintaining a dwelling place to keep, sell or use a controlled substance. After the jury's verdict was announced, the trial court granted Defendant's motion for judgment notwithstanding the verdict as to Defendant's conviction for possession of marijuana paraphernalia due to an error in the jury instructions. Defendant also pleaded guilty to attaining habitual felon status. Defendant was sentenced to a total of 76 months to 116 months in prison. Defendant appeals.
II. Analysis: Probable Cause to Search the Residence
Defendant contends the trial court erred in denying his motion to suppress because the warrant that authorized the search was unsupported by probable cause and, therefore, the search violated the Fourth Amendment to the United States Constitution and Article I, Section 20 of the North Carolina Constitution. Specifically, Defendant contends the affidavit lacked sufficient details about when the confidential informants described in the affidavit acquired the information about the residence and Defendant's alleged drug activity. We agree.
While Defendant made an oral pretrial motion to suppress, he failed to timely object to the evidence at trial. Our Supreme Court has held that a pretrial motion to suppress is a type of motion in limine , State v. Golphin , 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000), and a "motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." State v. Hayes , 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (per curiam) (citations omitted). Defendant concedes he did not properly preserve this issue for review, but contends that the error constitutes plain error. State v. Lawrence , 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) (holding that to be entitled to plain error review, a defendant "must 'specifically and distinctly contend' that the alleged error constituted plain error"). The plain error rule
is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the ... mistake had a probable impact on the jury's finding that the defendant was guilty."
State v. Cummings , 352 N.C. 600, 616, 536 S.E.2d 36, 49 (2000) (alterations in original) (quoting State v. Odom , 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) ); see also State v. Waring , 364 N.C. 443, 468, 701 S.E.2d 615, 631 (2010) (holding that when a defendant "fail[s] to preserve issues relating to [a] motion to suppress, we review for plain error"). A defendant must show "not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Haselden , 357 N.C. 1, 13, 577 S.E.2d 594, 602 (2003) (internal quotation marks and citation omitted).
In evaluating a trial court's ruling on a motion to suppress, "[a]n appellate court accords great deference to the trial court's ruling ... because the trial court is entrusted with the duty to hear testimony ... and to weigh and resolve any conflicts in the evidence." State v. Johnston , 115 N.C. App. 711, 713, 446 S.E.2d 135, 137 (1994) (citations omitted). The scope of appellate review of a trial court's ruling on a motion to suppress "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Brown , --- N.C. App. ----, ----, 787 S.E.2d 81, 84 (2016) (citation and internal quotation marks omitted). "[W]hen ... the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." State v. Biber , 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citation omitted). "The trial court's conclusions of law ... are fully reviewable on appeal." Brown , --- N.C. App. at ----, 787 S.E.2d at 84.
In the present case, Defendant has not challenged any of the findings of fact made by the trial court, and the trial court's findings are therefore binding. Biber , 365 N.C. at 168, 712 S.E.2d at 878. In its order denying Defendant's motion to suppress, the trial court only considered "the affidavit in support of the search warrant" to determine whether probable cause existed to justify the search of the residence. In the affidavit, Investigator Killian summarized his law enforcement credentials, and listed general information he knew about "large scale drug traffickers" and their habits based upon his law enforcement training, education, and experience. The affidavit then listed the following allegations about Defendant and the residence:
During the past two months Statesville Police Narcotic Investigators have been investigating suspicious activity at [the residence]. Investigators have observed high vehicle traffic coming to and from the residence. You affiant [Investigator Killian] known this type of behavior is consistent with the sale of illegal narcotics.
Your affiant [Investigator Killian] received information about marijuana being at [the residence]. This information has been provided by a confidential, reliable informant, for purposes of this search warrant affidavit, known as "Keith". "Keith" has worked for the Statesville Narcotics Division for approximately 2 years. During the past 2 years, "Keith" has helped investigators with over 53 drug related cases. At the conclusion of these investigations, suspects were charged with Possession with intent to sell/deliver a controlled substance. "Keith" has assisted Investigators with numerous controlled purchases in which search warrants were obtained and executed at the conclusion of the investigation. Marijuana was seized as a result of the search warrants. "Keith" is reliable and has proven so through assisting investigators in seizing illegal narcotics in the Statesville area, specifically marijuana. On several different occasions "Keith" has observed marijuana coming from [the residence].
In the past your affiant [Investigator Killian] received information from confidential, reliable informant about [Defendant] selling marijuana at different locations in the Statesville area. The informant knows [Defendant] resides at [the residence].
Your affiant [Investigator Killian] entered [the residence] into Cjleads, which is an investigative tool utilized by law enforcement. The address shows [Defendant] utilizing this address as a current place of residency....
Your affiant [Investigator Killian] utilized Cjleads to look up [Defendant]. [Defendant] has a past violent criminal and drug history.
The affidavit then listed Defendant's prior convictions, and contended that the information contained in the affidavit gave rise to probable cause "to believe that marijuana is being stored and possessed at [the residence]." After considering the information in the affidavit, and relying in part on this Court's decision in State v. Oates , 224 N.C. App. 634, 736 S.E.2d 228 (2012), the trial court held that "the search warrant contain[ed] sufficient facts and circumstances to establish probable cause to search [the residence]."
As noted, a trial court's conclusions of law are "fully reviewable on appeal." See Brown , --- N.C. App. at ----, 787 S.E.2d at 84. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. See U.S. CONST. AMEND IV. This prohibition has been incorporated against state actors through the Fourteenth Amendment's Due Process Clause. See Wolf v. Colorado , 338 U.S. 25, 93 L.Ed. 1782 (1949). Article I, Section 20 of the North Carolina Constitution also provides: "General warrants, whereby any officer or other person may be commanded to search suspected places without evidence of the act committed, or to seize any person or persons not named, whose offense is not particularly described and supported by evidence, are dangerous to liberty and shall not be granted." N.C. CONST . art. I, § 20. This Court and our Supreme Court have held that Article I, Section 20 of the North Carolina Constitution
provides protection "similar" to the protection provided by the Fourth Amendment, ... and it is well-settled that both Article I, Section 20 and the Fourth Amendment prohibit the government from conducting "unreasonable" searches. Whether a search is unreasonable, and therefore prohibited by Article I, Section 20, and the proper tests to be used in resolving that issue " 'are questions which can only be answered with finality by [the North Carolina Supreme Court].' " The North Carolina Supreme Court has stated that we may not construe provisions of the North Carolina Constitution as according lesser rights than are guaranteed by the federal Constitution.... Accordingly, we first determine whether the [search] violates the Fourth Amendment; if so, the [search] also violates Article I, Section 20.
State v. Mangum , --- N.C. App. ----, ----, 795 S.E.2d 106, 112 (2016) (citation omitted); see also Virmani v. Presbyterian Health Servs. Corp. , 350 N.C. 449, 474-75, 515 S.E.2d 675, 693 (1999) (holding that the North Carolina Constitution may be construed differently than its federal counterpart, "as long as our citizens are thereby accorded no lesser rights than they are guaranteed by the parallel federal provision" (citations omitted)). Consistent with Mangum , we first determine whether the search in the present case violated the Fourth Amendment; if so, the search also violated Article I, Section 20. See also State v. Carter , 322 N.C. 709, 714, 370 S.E.2d 553, 556 (1988) ("[A]n individual's constitutional rights under the Constitution of North Carolina must receive at least the same protection as such rights are accorded under the Federal Constitution.").
The United States Supreme Court has held that a search warrant may only issue upon a finding of probable cause by a neutral and detached magistrate or judge. United States v. Ventresca , 380 U.S. 102, 107, 13 L.Ed. 2d 684, 688 (1965) ; accord State v. Miller , 282 N.C. 633, 638, 194 S.E.2d 353, 356 (1973). "The existence of probable cause is a commonsense, practical question that should be answered using a totality-of-the-circumstances approach. Probable cause is a flexible, common-sense standard. It does not demand any showing that such a belief be correct or more likely true than false." State v. McKinney , 361 N.C. 53, 62, 637 S.E.2d 868, 874-75 (2006) (citations and quotation marks omitted).
When evaluating whether information proffered in support of a search warrant established probable cause, this Court has cautioned that the information may not be "stale:"
The concern regarding the possible "staleness" of information in an affidavit accompanying a search warrant application arises from the requirement that proof of probable cause must be established by facts so closely related to the time of issuance of the warrant so as to justify a finding of probable cause at that time. The general rule is that no more than a reasonable time may have elapsed. The test for staleness of information on which a search warrant is based is whether the facts indicate that probable cause exists at the time the warrant is issued. Common sense must be used in determining the degree of evaporation of probable cause. The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock.
Brown , --- N.C. App. at ----, 787 S.E.2d at 85 (quoting State v. Lindsey , 58 N.C. App. 564, 565-66, 293 S.E.2d 833, 834 (1982) ).
We find the circumstances of this case similar to those this Court confronted in Brown . In Brown , the defendant asserted that the search warrant used to search his residence was not supported by probable cause because the information contained in the affidavit "was conclusory and lacked sufficient details about when the informant ... acquired the information that formed the basis of [the law enforcement officer's] warrant request." Brown , --- N.C. App. at ----, 787 S.E.2d at 84-85. Relying upon this Court's earlier decision in State v. Newcomb , 84 N.C. App. 92, 93, 351 S.E.2d 565, 566 (1987), the Court in Brown held that it could not distinguish the staleness of information contained in the affidavit supporting the search warrant application because the officer " 'failed to state ... the time the informant's observations were made.' " Brown , --- N.C. App. at ----, 787 S.E.2d at 87 (quoting Newcomb , 84 N.C. App. at 93-94, 351 S.E.2d at 565 ). The Court in Brown noted that it was unable to "distinguish the staleness of the [confidential informant's] information" from the staleness of the information provided in the search warrant application in Newcomb , where the Court observed that " '[t]he information [the informant] supplied [was] sparse' " and the information gave " 'no details from which one could conclude that [the informant] had current knowledge of details or that he had even been inside the defendant's premises recently.' " Id. at ----, 787 S.E.2d at 88 (quoting Newcomb , 84 N.C. App. at 95, 351 S.E.2d at 567 ).
In the present case, as in Brown and Newcomb , we are unable to determine whether the information provided by either confidential informant described in the affidavit was stale. In the affidavit, Investigator Killian stated that "[o]n several different occasions" a confidential informant identified as "Keith" "observed marijuana coming from [the residence]." Similarly, Investigator Killian stated in the affidavit that "in the past" he had "received information from a confidential, reliable informant about [Defendant] selling marijuana at different locations in the Statesville area" and that the "informant knows [Defendant] resides at [the residence]." In both instances, the affidavit does not state when the confidential informants observed the activity described in the affidavit; rather, the affidavit only revealed that the activity was observed "[o]n several different occasions" and "[i]n the past," respectively. The affidavit gave no details from which one could conclude that the informants' knowledge was current. We are therefore unable to determine whether the information originating from either confidential informant was collected within a "reasonable time" from the issuance of the search warrant so as to "justify a finding of probable cause." Brown , --- N.C. App. at ----, 787 S.E.2d at 85 (citation omitted).
The State argues that the present case is not controlled by Brown and Newcomb , but is controlled by Oates , the case cited by the trial court in denying Defendant's motion to suppress. In Oates , a police officer applied for a search warrant for the defendant's residence. See Oates , 224 N.C. App. at 638-39, 736 S.E.2d at 432-33. In the affidavit supporting the search warrant application ("the Oates affidavit"), the police officer described calls he had received from two anonymous callers about illegal activity taking place at the defendant's residence. Id. One of the callers stated that the defendant's residence "was a drug house," and the other stated that the defendant's stepson ("the stepson"), who was staying at the defendant's residence, was a felon and was storing weapons and drugs there. Id. The Oates affidavit also contained the stepson's previous criminal activity, but did not provide the dates of the stepson's convictions. Id. The search warrant was issued, and the defendant was later convicted of possession of a firearm by a felon based on evidence discovered in the search. Id. at 636-37, 736 S.E.2d at 231-32. On appeal, the defendant advanced two arguments relevant here: first, that "the information provided by the two anonymous callers was too vague to support probable cause;" and second, that "much of the information was 'stale' as it related to [the stepson's] past criminal activity[.]" Id . at 646, 736 S.E.2d at 236.
As to the defendant's first argument, this Court held that the information provided by the anonymous callers was not too vague because the second caller "did provide many facts which were independently confirmed by law enforcement" and that the information "created a nexus between [the] defendant's residence and the contraband which was the subject of the search warrant[.]" Id. at 646, 736 S.E.2d at 236-37. As to the second argument, the Court began by noting that "[w]hen evidence of previous criminal activity is advanced to support a finding of probable cause, a further examination must be made to determine if the evidence of the prior activity is stale." Id. at 646, 736 S.E.2d at 237 (citation omitted). The Court then explained that the test, first announced in State v. McCoy , 100 N.C. App. 547, 397 S.E.2d 355 (1990), for whether "evidence of previous criminal activity is sufficient to later support a search warrant" or is too stale consists of two factors, which the Court then delineated. Oates , 224 N.C. App. at 646-47, 736 S.E.2d at 237 (quoting McCoy , 100 N.C. App. at 577, 397 S.E.2d at 358 ). Applying the two-factor test, the Court ultimately held that "evidence of previous criminal activity by [the stepson] was not stale." Oates , 224 N.C. App. at 647, 736 S.E.2d at 237 (citation and internal quotation marks omitted).
We find Oates distinguishable from the present case. In Oates , the defendant's arguments about the information provided by the anonymous callers centered on the assertion that the information was too vague to support a finding of probable cause, not that the information supplied by the anonymous callers was too stale. Id. at 646, 397 S.E.2d at 236-37. The only staleness argument advanced by the defendant in Oates was that the information about his stepson's past criminal activity, included in the affidavit supporting the search warrant application, was too stale. Id. at 646-47, 397 S.E.2d at 237. In finding that it was not, the Court applied a specific rule developed in McCoy regarding "whether evidence of previous criminal activity is sufficient to later support a search warrant." McCoy , 100 N.C. App. at 577, 397 S.E.2d at 358.
In the present case, and unlike in Oates , Defendant does not argue that the information provided by the two confidential informants described in the affidavit was too vague, nor does he argue that the information included in the affidavit about his "previous criminal activity" was too stale to support the issuance of a search warrant. Rather, Defendant argues that the affidavit does not state when the information supplied by the confidential informants was observed, making it impossible to determine whether that information was stale, regardless of the informants' credibility. That was the situation encountered by this Court in Brown and, like in Brown , we find that we cannot distinguish the staleness of the confidential informants' information in the present case. See Brown , --- N.C. App. at ----, 787 S.E.2d at 85. That information therefore cannot serve as the basis for a finding of probable cause. See id.
Apart from the information supplied by the confidential informants, the affidavit also stated: (1) the Statesville Police Department had "observed high vehicle traffic coming to and from the residence" during the "past two months;" and (2) Defendant had a "past violent criminal and drug history," and listed his prior convictions. However, this Court has held that unusual traffic at a residence is not sufficient, by itself, to constitute probable cause for a search, State v. Boyd , 177 N.C. App. 165, 170, 628 S.E.2d 796, 801 (2006), and has further held that "[c]learly, a recitation of the prior arrests of [a defendant], even in combination with the alleged comings and goings to and from [the subject residence], fail[s] to provide timely information on which to base a finding of probable cause." State v. Goforth , 65 N.C. App. 302, 307, 309 S.E.2d 488, 492-93 (1983).
Applying a totality of the circumstances test, McKinney , 361 N.C. at 62, 637 S.E.2d at 874-75, and disregarding the information in the affidavit originating from the confidential informants due to our inability to determine the staleness of that information, we conclude that the allegations contained in the affidavit did not establish probable cause for the search. The search of the residence therefore violated Defendant's rights under the Fourth Amendment. See Ventresca , 380 U.S. at 107, 13 L.Ed. 2d at 688. Since the North Carolina Constitution provides "at least the same protection as such rights are accorded under the Federal Constitution," Carter , 322 N.C. at 714, 370 S.E.2d at 556, the search also violated Article I, Section 19 of the North Carolina Constitution.
The Fourth Amendment's exclusionary rule is susceptible to the "good faith exception" first announced by the United States Supreme Court in United States v. Leon , 468 U.S. 897, 913, 82 L.Ed. 2d 677 (1984). Under the good faith exception, "the Fourth Amendment exclusionary rule does not apply to evidence obtained by police officers who acted in objectively reasonable reliance upon a search warrant issued by a neutral magistrate, but where the warrant was ultimately found to be unsupported by probable cause." Illinois v. Krull , 480 U.S. 340, 342, 94 L.Ed. 2d 364, 370 (1987). We need not, and therefore do not, analyze whether Investigator Killian's reliance on the search warrant in the present case was undertaken in good faith. Our Supreme Court has ruled that "there is no good faith exception to the requirements of [A]rticle I, [S]ection 20 of the North Carolina Constitution to the exclusion of evidence obtained by unreasonable search and seizure." Carter , 322 N.C. at 710, 370 S.E.2d at 554 ; see also State v. Allman , --- N.C. ---- n.1, 794 S.E.2d 301, 303 n.1 (2016) (noting that our Supreme Court has "declined to adopt a good faith exception to the state constitution's exclusionary rule").
Even if we were to conclude that the Fourth Amendment violation in the present case did not require exclusion because law enforcement relied in good faith on a warrant issued by a neutral and detached judge, the evidence nevertheless should have been excluded because the search of the residence also violated Article I, Section 20 of the North Carolina Constitution due to the lack of probable cause to support issuance of the search warrant. As noted, Article I, Section 20 does not contain a good faith exception to the exclusionary rule. Carter , 322 N.C. at 724, 370 S.E.2d at 562. Accordingly, we hold the trial court erred in denying Defendant's motion to suppress the evidence found in the search of the residence, as the search warrant authorizing the search was not supported by probable cause. We further hold that the error amounted to plain error, as it likely affected the jury's verdict-the evidence obtained in the search of the residence was the only evidence[2] presented by the State at trial. See State v. Ashworth , --- N.C. App. ----, ----, 790 S.E.2d 173, 182 (2016).
The order denying Defendant's motion to suppress is reversed, and the judgments corresponding to Defendant's convictions for possession with the intent to sell and deliver marijuana and maintaining a dwelling place to keep, sell or use a controlled substance are vacated. "Because we vacate [D]efendant's underlying felony conviction[s], we also vacate [D]efendant's judgment sentencing [D]efendant as a habitual felon." State v. Fox , 216 N.C. App. 144, 152, 721 S.E.2d 673, 678 (2011) ; see also State v. Harris , 219 N.C. 590, 597-98, 724 S.E.2d 633, 639 (2012).
VACATED.
Report per Rule 30(e).
Judges McCULLOUGH and DILLON concur.
Judge McCullough concurred in this opinion prior to 24 April 2017.

See, e.g. , State v. O'Connor , 222 N.C. App. 235, 240-41, 730 S.E.2d 248, 251-52 (2012) (holding that a trial court "ha[s] discretion to refrain from summarily dismissing [a d]efendant's suppression motion" when that motion is unaccompanied by an affidavit, and does not err "by proceeding to conduct an evidentiary hearing addressing the merits" of the motion).

The State introduced text messages from Defendant's cell phone that were obtained and examined only after law enforcement obtained the cell phone warrant. However, the cell phone on which the text messages were discovered was seized during the search of the residence authorized by the initial search warrant. See State v. McKinney , 361 N.C. 53, 58-59, 637 S.E.2d 868, 872 (2006) ("When evidence is obtained as the result of illegal police conduct, not only should that evidence be suppressed, but all evidence that is the 'fruit' of that unlawful conduct should be suppressed." (citation omitted)).