IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-617

No. COA20-774

Filed 16 November 2021

Wake County, No. 18 CRS 218812-13

STATE OF NORTH CAROLINA

v.

ARTHUR VLADIMIR KOCHETKOV, Defendant.

Appeal by defendant from judgments and orders entered 15 July 2020 by Judge

A. Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals

10 August 2021.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Tamika L. Henderson, for the State-appellee.*

*Appellate Defender Glen G. Gerding, by Assistant Appellate Defender Michele Goldman, for defendant-appellant.*

GORE, Judge.

¶ 1        Defendant Arthur Vladimir Kochetkov appeals from a plea of guilty to five

counts of second-degree sexual exploitation of a child. Defendant challenges the trial

court's denial of his motion to suppress evidence. We affirm the trial court's order.

I.        Background

¶ 2        This case arises from several posts made on a Facebook account with the name

"Kochetkov Arthur." The Wake Forest Police Department ("WFPD") became aware of

the relevant Facebook posts after being contacted by Officer Streb with the Town of Greece Police Department ("GPD") in New York. Officer Streb informed Corporal Chilton with the WFPD that Dean Stavalone, an acquaintance of defendant, had contacted the GPD about the Facebook posts. Screenshots of the Facebook posts, which are only viewable to the account owner's "Facebook friends," were sent to Corporal Chilton.

¶ 3   Corporal Chilton used the Facebook posts to obtain a warrant for defendant's arrest for Communicating Threats under N.C. Gen. Stat. § 14-277.1. However, the magistrate judge concluded there was not enough evidence to obtain an involuntary commitment order. The arrest warrant was executed on 17 September 2018; defendant was arrested but his home was not searched.

¶ 4   On 19 September 2018, Detective B.J. High with the WFPD applied for a search warrant of defendant's home. Items to be seized under the warrant were electronic devices including cell phones, computers, tablets, hard drives, USB drives, CDs, and disks; written documentation including any handwritten notes, printed notes, photographs, or documents in which a threat is communicated or which contain information or documentation about schools or other possible targeted areas of mass violence; and weapons to include handguns, long guns, weapons of mass destruction, or explosives. The crimes being investigated in conjunction with the search warrant were Communicating Threats, under N.C. Gen. Stat. § 14-277.1, and Making a False

Report Concerning Mass Violence on Educational Property, under N.C. Gen. Stat. § 14-277.5. The search warrant application included screenshots of the Facebook posts obtained from the GPD and outlined defendant's prior encounters with the WFPD. Wake County Superior Court Judge Andrew Heath found the search warrant application demonstrated probable cause and issued a search warrant of defendant's home.

On 19 September 2018, the WFPD executed the search warrant and searched defendant's home. One of the items seized in the search was defendant's cell phone. While conducting a forensic search of the cell phone, images of alleged child pornography were found. These images led to a subsequent search warrant and search of defendant's home, ultimately leading to defendant being charged and indicted with five counts of Second-Degree Sexual Exploitation of a Child.

On 29 July 2019, defendant filed a motion to suppress alleging the information provided in the affidavit supporting the search warrant application was stale, the warrant was insufficient because Mr. Stavalone's veracity was not established, the Facebook posts did not support the crimes alleged, and that there was not a nexus between defendant's home and potential evidence to be seized. The motion did not come on for hearing until 1 June 2020. Following the hearing on the motion, the trial court denied defendant's motion to dismiss. On 15 July 2020, defendant pled guilty to all five counts of Second-Degree Sexual Exploitation of a Child, having given prior

proper notice of his intention to appeal the trial court's order on his motion to dismiss. Defendant filed a written notice of appeal on 27 July 2020.

## II.    Discussion

¶ 7        "We review an order denying a motion to suppress to determine whether the trial court's underlying findings of fact are supported by competent evidence and whether those factual findings in turn support the trial court's ultimate conclusions of law." *State v. Worley*, 254 N.C. App. 572, 576, 803 S.E.2d 412, 416 (2017) (cleaned up).

¶ 8        The Fourth Amendment to the United States Constitution protects the people from "unreasonable searches and seizures." U.S. Const. amend. IV. Generally, the police need a warrant to conduct a search or seizure in a home, and a warrant may be issued only after a showing of probable cause. *See Payton v. New York*, 445 U.S. 573, 586, 63 L. Ed. 2d 639 (1980). Article I, Section 20 of the Constitution of North Carolina similarly prohibits unreasonable searches and seizures and requires a showing of probable cause to issue a warrant. *See State v. Arrington*, 311 N.C. 633, 643, 319 S.E.2d 254, 260-61 (1984).

¶ 9        The totality of the circumstances test is used to determine whether probable cause exists. *Illinois v. Gates*, 462 U.S. 213, 230-31, 76 L. Ed. 2d 527 (1983); *Arrington*, 311 N.C. at 643, 319 S.E.2d at 260-61 (adopting the federal test for evaluating probable cause). "To determine whether probable cause exists under the

totality of the circumstances, a magistrate may draw reasonable inferences from the available observations." *State v. Allman*, 369 N.C. 292, 294, 794 S.E.2d 301, 303 (2016) (cleaned up). To support a magistrate's finding of probable cause, the evidence need not be conclusive, so long as all the evidence together "yields a fair probability that a police officer executing the warrant will find contraband or evidence of a crime at the place to be searched." *Id.*

¶ 10 A magistrate's probable cause determination should not be subject to *de novo* review, instead the magistrate's probable cause determination should be given "great deference." *Id.* (citations omitted). The duty of a reviewing court is to ensure that the magistrate had a "substantial basis for concluding that probable cause existed." *Arrington*, 311 N.C. at 638, 319 S.E.2d at 258 (cleaned up).

¶ 11 An application for a search warrant must be accompanied by, among other things, "one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items [to be seized] are in the places or in the possession of the individuals to be searched." N.C. Gen. Stat. § 15A-244(3) (2020). "A supporting affidavit is sufficient when it gives the magistrate reasonable cause to believe that the search will reveal the presence of the items sought on the premises described in the warrant application, and that those items will aid in the apprehension or conviction of the offender." *Allman*, 369 N.C. at 294, 794 S.E.2d at 304. A magistrate cannot lawfully issue a search warrant based on a "purely

conclusory" affidavit that does not state the underlying circumstances allegedly giving rise to probable cause. *State v. Bright*, 301 N.C. 243, 249, 271 S.E.2d 368, 372 (1980).

¶ 12 The affidavit in this case, which was submitted by Detective High, contained all of the following allegations: screenshots of the Facebook posts allegedly made by defendant, which contained vague threats of violence, references to local schools, and defendant's military training; descriptions of the WFPD's prior encounters with defendant, which over the span of three years includes serving involuntary commitment orders, welfare checks, tips received from the Federal Bureau of Investigation based on Facebook posts defendant made, an arrest for posting threats to law enforcement on Facebook (although no probable cause was found in that case); and the issuance of a warrant for defendant's arrest for Second-Degree Trespassing after defendant was allegedly seen photographing locks on doors at a local elementary school, which is located adjacent to defendant's home.

¶ 13 In addition to stating these allegations, the affidavit recited Detective High's law enforcement training and experience. The affidavit also described how the WFPD became aware of defendant's alleged Facebook posts and obtained screenshots of the posts. Additionally, the affidavit provided information on how and why Detective High knew the address listed on the affidavit was defendant's residence.

¶ 14        Defendant first argues that the trial court erred in denying his motion to suppress evidence, because the affidavit did not establish probable cause he committed the designated offense. Defendant asserts that the Facebook posts did not provide enough evidence to establish the elements of Communicating Threats nor did the Facebook posts directly or indirectly communicate a threat to the person to be threatened. However, defendant mischaracterizes the standard to issue a search warrant. Probable cause does not require evidence of every element of a crime. To find probable cause exists, a magistrate need only "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Hunt*, 150 N.C. App. 101, 105, 562 S.E.2d 597, 600 (2002).

¶ 15        As discussed above, the affidavit in this case included screenshots of Facebook posts allegedly made by defendant which contained content relating to threats, violence, and referencing schools, as well as information of defendant's prior encounters with the police, including an arrest for trespassing at a nearby elementary school. We conclude that this information is sufficient to support a magistrate's finding, under the totality of the circumstances test, that evidence of a crime may be found at the place to be searched and in the items to be seized.

¶ 16        Defendant also argues that the information listed in the affidavit was stale because it failed to establish when the Facebook posts were made or discovered. "The

general rule is that no more than a 'reasonable' time may have elapsed. The test for 'staleness' of information on which a search warrant is based is whether the facts indicate that probable cause exists at the time the warrant is issued." *State v. Lindsey*, 58 N.C. App. 564, 565, 293 S.E.2d 833, 834 (1982) (citations omitted). "Common sense must be used in determining the degree of evaporation of probable cause. The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock." *Id.* at 566, 293 S.E.2d at 834 (cleaned up). "As a general rule, an interval of two or more months between the alleged criminal activity and the affidavit has been held to be such an unreasonably long delay as to vitiate the search warrant." *Id.* However, courts have expanded these time limits when the items to be seized include items with enduring utility to the defendant beyond criminal activity and the defendant is not likely to dispose of the items, such as computers, computer equipment, camera equipment, etc. *See Pickard*, 178 N.C. App. 330, 336, 631 S.E.2d 203, 207–08 (2006).

¶ 17    Defendant contends that because the screenshots of the Facebook posts do not include dates and times, nor did the affidavit provide information as to when Mr. Stavalone provided the information to the police, we must find the information to be stale because no determination as to how much time has elapsed can be made. In contrast, the State argues that because of the nature of the posts and their inclusion in a "course of conduct" the exact age of the posts is less critical to the validity of

probable cause in connection with the specific items subject to a search here. The search warrant provided the items to be seized were electronic devices to include cell phones, computers, tablets, hard drive devices, USB drives, CDs, and disks; written documentation to include any handwritten notes, printed notes, photographs, or other documents; and weapons to include handguns, long guns, weapons of mass destruction, or explosives. Because the items to be seized included items with enduring utility, like those listed to be seized in cases such as *Pickard* where the time period for staleness was determined to be several months or longer, we conclude the information was not stale, despite the lack of date and time information. *See id.*

¶ 18        Finally, defendant argues that the trial court erred because its order did not find that the affidavit supplied probable cause to believe that the designated crimes had occurred or were about to occur. Instead, the trial court concluded that "the affidavit sufficiently established that the evidence sought was relevant to the investigation of the defendant." Defendant contends that nowhere in its order did the trial court find the affidavit established probable cause. Defendant's argument and contentions lack merit. While the trial court's order did conclude that the evidence sought was relevant to the investigation, the order also explicitly found that the affidavit established probable cause in finding of fact 16 and conclusion of law 2. Therefore, we dismiss this argument.

III.    Conclusion

For the foregoing reasons we affirm the trial court's order denying defendant's motion to suppress because the trial court properly found the affidavit supported the magistrate's finding of probable cause and the trial court applied the proper standard in its order.

AFFIRMED.

Judges DIETZ and COLLINS concur.