IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-617

 No. COA20-774

 Filed 16 November 2021

 Wake County, No. 18 CRS 218812-13

 STATE OF NORTH CAROLINA

 v.

 ARTHUR VLADIMIR KOCHETKOV, Defendant.

 Appeal by defendant from judgments and orders entered 15 July 2020 by Judge

 A. Graham Shirley in Wake County Superior Court. Heard in the Court of Appeals

 10 August 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Tamika
 L. Henderson, for the State-appellee.

 Appellate Defender Glen G. Gerding, by Assistant Appellate Defender Michele
 Goldman, for defendant-appellant.

 GORE, Judge.

¶1 Defendant Arthur Vladimir Kochetkov appeals from a plea of guilty to five

 counts of second-degree sexual exploitation of a child. Defendant challenges the trial

 court’s denial of his motion to suppress evidence. We affirm the trial court’s order.

 I. Background

¶2 This case arises from several posts made on a Facebook account with the name

 “Kochetkov Arthur.” The Wake Forest Police Department (“WFPD”) became aware of
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 the relevant Facebook posts after being contacted by Officer Streb with the Town of

 Greece Police Department (“GPD”) in New York. Officer Streb informed Corporal

 Chilton with the WFPD that Dean Stavalone, an acquaintance of defendant, had

 contacted the GPD about the Facebook posts. Screenshots of the Facebook posts,

 which are only viewable to the account owner’s “Facebook friends,” were sent to

 Corporal Chilton.

¶3 Corporal Chilton used the Facebook posts to obtain a warrant for defendant’s

 arrest for Communicating Threats under N.C. Gen. Stat. § 14-277.1. However, the

 magistrate judge concluded there was not enough evidence to obtain an involuntary

 commitment order. The arrest warrant was executed on 17 September 2018;

 defendant was arrested but his home was not searched.

¶4 On 19 September 2018, Detective B.J. High with the WFPD applied for a

 search warrant of defendant’s home. Items to be seized under the warrant were

 electronic devices including cell phones, computers, tablets, hard drives, USB drives,

 CDs, and disks; written documentation including any handwritten notes, printed

 notes, photographs, or documents in which a threat is communicated or which contain

 information or documentation about schools or other possible targeted areas of mass

 violence; and weapons to include handguns, long guns, weapons of mass destruction,

 or explosives. The crimes being investigated in conjunction with the search warrant

 were Communicating Threats, under N.C. Gen. Stat. § 14-277.1, and Making a False
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 Report Concerning Mass Violence on Educational Property, under N.C. Gen. Stat. §

 14-277.5. The search warrant application included screenshots of the Facebook posts

 obtained from the GPD and outlined defendant’s prior encounters with the WFPD.

 Wake County Superior Court Judge Andrew Heath found the search warrant

 application demonstrated probable cause and issued a search warrant of defendant’s

 home.

¶5 On 19 September 2018, the WFPD executed the search warrant and searched

 defendant’s home. One of the items seized in the search was defendant’s cell phone.

 While conducting a forensic search of the cell phone, images of alleged child

 pornography were found. These images led to a subsequent search warrant and

 search of defendant’s home, ultimately leading to defendant being charged and

 indicted with five counts of Second-Degree Sexual Exploitation of a Child.

¶6 On 29 July 2019, defendant filed a motion to suppress alleging the information

 provided in the affidavit supporting the search warrant application was stale, the

 warrant was insufficient because Mr. Stavalone’s veracity was not established, the

 Facebook posts did not support the crimes alleged, and that there was not a nexus

 between defendant’s home and potential evidence to be seized. The motion did not

 come on for hearing until 1 June 2020. Following the hearing on the motion, the trial

 court denied defendant’s motion to dismiss. On 15 July 2020, defendant pled guilty

 to all five counts of Second-Degree Sexual Exploitation of a Child, having given prior
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 proper notice of his intention to appeal the trial court’s order on his motion to dismiss.

 Defendant filed a written notice of appeal on 27 July 2020.

 II. Discussion

¶7 “We review an order denying a motion to suppress to determine whether the

 trial court’s underlying findings of fact are supported by competent evidence and

 whether those factual findings in turn support the trial court’s ultimate conclusions

 of law.” State v. Worley, 254 N.C. App. 572, 576, 803 S.E.2d 412, 416 (2017) (cleaned

 up).

¶8 The Fourth Amendment to the United States Constitution protects the people

 from “unreasonable searches and seizures.” U.S. Const. amend. IV. Generally, the

 police need a warrant to conduct a search or seizure in a home, and a warrant may

 be issued only after a showing of probable cause. See Payton v. New York, 445 U.S.

 573, 586, 63 L. Ed. 2d 639 (1980). Article I, Section 20 of the Constitution of North

 Carolina similarly prohibits unreasonable searches and seizures and requires a

 showing of probable cause to issue a warrant. See State v. Arrington, 311 N.C. 633,

 643, 319 S.E.2d 254, 260-61 (1984).

¶9 The totality of the circumstances test is used to determine whether probable

 cause exists. Illinois v. Gates, 462 U.S. 213, 230-31, 76 L. Ed. 2d 527 (1983);

 Arrington, 311 N.C. at 643, 319 S.E.2d at 260-61 (adopting the federal test for

 evaluating probable cause). “To determine whether probable cause exists under the
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 totality of the circumstances, a magistrate may draw reasonable inferences from the

 available observations.” State v. Allman, 369 N.C. 292, 294, 794 S.E.2d 301, 303

 (2016) (cleaned up). To support a magistrate’s finding of probable cause, the evidence

 need not be conclusive, so long as all the evidence together “yields a fair probability

 that a police officer executing the warrant will find contraband or evidence of a crime

 at the place to be searched.” Id.

¶ 10 A magistrate’s probable cause determination should not be subject to de novo

 review, instead the magistrate’s probable cause determination should be given “great

 deference.” Id. (citations omitted). The duty of a reviewing court is to ensure that the

 magistrate had a “substantial basis for concluding that probable cause existed.”

 Arrington, 311 N.C. at 638, 319 S.E.2d at 258 (cleaned up).

¶ 11 An application for a search warrant must be accompanied by, among other

 things, “one or more affidavits particularly setting forth the facts and circumstances

 establishing probable cause to believe that the items [to be seized] are in the places

 or in the possession of the individuals to be searched.” N.C. Gen. Stat. § 15A-244(3)

 (2020). “A supporting affidavit is sufficient when it gives the magistrate reasonable

 cause to believe that the search will reveal the presence of the items sought on the

 premises described in the warrant application, and that those items will aid in the

 apprehension or conviction of the offender.” Allman, 369 N.C. at 294, 794 S.E.2d at

 304. A magistrate cannot lawfully issue a search warrant based on a “purely
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 conclusory” affidavit that does not state the underlying circumstances allegedly

 giving rise to probable cause. State v. Bright, 301 N.C. 243, 249, 271 S.E.2d 368, 372

 (1980).

¶ 12 The affidavit in this case, which was submitted by Detective High, contained

 all of the following allegations: screenshots of the Facebook posts allegedly made by

 defendant, which contained vague threats of violence, references to local schools, and

 defendant’s military training; descriptions of the WFPD’s prior encounters with

 defendant, which over the span of three years includes serving involuntary

 commitment orders, welfare checks, tips received from the Federal Bureau of

 Investigation based on Facebook posts defendant made, an arrest for posting threats

 to law enforcement on Facebook (although no probable cause was found in that case);

 and the issuance of a warrant for defendant’s arrest for Second-Degree Trespassing

 after defendant was allegedly seen photographing locks on doors at a local elementary

 school, which is located adjacent to defendant’s home.

¶ 13 In addition to stating these allegations, the affidavit recited Detective High’s

 law enforcement training and experience. The affidavit also described how the WFPD

 became aware of defendant’s alleged Facebook posts and obtained screenshots of the

 posts. Additionally, the affidavit provided information on how and why Detective

 High knew the address listed on the affidavit was defendant’s residence.
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

¶ 14 Defendant first argues that the trial court erred in denying his motion to

 suppress evidence, because the affidavit did not establish probable cause he

 committed the designated offense. Defendant asserts that the Facebook posts did not

 provide enough evidence to establish the elements of Communicating Threats nor did

 the Facebook posts directly or indirectly communicate a threat to the person to be

 threatened. However, defendant mischaracterizes the standard to issue a search

 warrant. Probable cause does not require evidence of every element of a crime. To

 find probable cause exists, a magistrate need only “make a practical, common-sense

 decision whether, given all the circumstances set forth in the affidavit before him . .

 . there is a fair probability that contraband or evidence of a crime will be found in a

 particular place.” State v. Hunt, 150 N.C. App. 101, 105, 562 S.E.2d 597, 600 (2002).

¶ 15 As discussed above, the affidavit in this case included screenshots of Facebook

 posts allegedly made by defendant which contained content relating to threats,

 violence, and referencing schools, as well as information of defendant’s prior

 encounters with the police, including an arrest for trespassing at a nearby elementary

 school. We conclude that this information is sufficient to support a magistrate’s

 finding, under the totality of the circumstances test, that evidence of a crime may be

 found at the place to be searched and in the items to be seized.

¶ 16 Defendant also argues that the information listed in the affidavit was stale

 because it failed to establish when the Facebook posts were made or discovered. “The
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 general rule is that no more than a ‘reasonable’ time may have elapsed. The test for

 ‘staleness’ of information on which a search warrant is based is whether the facts

 indicate that probable cause exists at the time the warrant is issued.” State v.

 Lindsey, 58 N.C. App. 564, 565, 293 S.E.2d 833, 834 (1982) (citations omitted).

 “Common sense must be used in determining the degree of evaporation of probable

 cause. The likelihood that the evidence sought is still in place is a function not simply

 of watch and calendar but of variables that do not punch a clock.” Id. at 566, 293

 S.E.2d at 834 (cleaned up). “As a general rule, an interval of two or more months

 between the alleged criminal activity and the affidavit has been held to be such an

 unreasonably long delay as to vitiate the search warrant.” Id. However, courts have

 expanded these time limits when the items to be seized include items with enduring

 utility to the defendant beyond criminal activity and the defendant is not likely to

 dispose of the items, such as computers, computer equipment, camera equipment, etc.

 See Pickard, 178 N.C. App. 330, 336, 631 S.E.2d 203, 207–08 (2006).

¶ 17 Defendant contends that because the screenshots of the Facebook posts do not

 include dates and times, nor did the affidavit provide information as to when Mr.

 Stavalone provided the information to the police, we must find the information to be

 stale because no determination as to how much time has elapsed can be made. In

 contrast, the State argues that because of the nature of the posts and their inclusion

 in a “course of conduct” the exact age of the posts is less critical to the validity of
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

 probable cause in connection with the specific items subject to a search here. The

 search warrant provided the items to be seized were electronic devices to include cell

 phones, computers, tablets, hard drive devices, USB drives, CDs, and disks; written

 documentation to include any handwritten notes, printed notes, photographs, or

 other documents; and weapons to include handguns, long guns, weapons of mass

 destruction, or explosives. Because the items to be seized included items with

 enduring utility, like those listed to be seized in cases such as Pickard where the time

 period for staleness was determined to be several months or longer, we conclude the

 information was not stale, despite the lack of date and time information. See id.

¶ 18 Finally, defendant argues that the trial court erred because its order did not

 find that the affidavit supplied probable cause to believe that the designated crimes

 had occurred or were about to occur. Instead, the trial court concluded that “the

 affidavit sufficiently established that the evidence sought was relevant to the

 investigation of the defendant.” Defendant contends that nowhere in its order did the

 trial court find the affidavit established probable cause. Defendant’s argument and

 contentions lack merit. While the trial court’s order did conclude that the evidence

 sought was relevant to the investigation, the order also explicitly found that the

 affidavit established probable cause in finding of fact 16 and conclusion of law 2.

 Therefore, we dismiss this argument.

 III. Conclusion
 STATE V. KOCHETKOV

 2021-NCCOA-617

 Opinion of the Court

¶ 19 For the foregoing reasons we affirm the trial court’s order denying defendant’s

 motion to suppress because the trial court properly found the affidavit supported the

 magistrate’s finding of probable cause and the trial court applied the proper standard

 in its order.

 AFFIRMED.

 Judges DIETZ and COLLINS concur.